UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 AUG 25  P 2: 21

| | |
|---|---|
| Donna Dorsey Davis, as an individual and derivatively upon behalf of I-65 Properties, Inc.<br><br>Plaintiff,<br><br>vs.,<br><br>Richard M. Dorsey, as an individual, and CD& O, LLC, as a necessary party,<br><br>Defendant. | CIVIL ACTION NO:<br>2:06CV766<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Pursuant to Rule 23.1 of the *Federal Rules of Civil Procedure*, Plaintiff Donna Dorsey Davis, individually and derivatively upon behalf of I-65 Properties, Inc., bring this Complaint against Richard M. Dorsey, and CD & O, LLC.

## I.
## PARTIES

1.  Plaintiff, Donna Dorsey Davis (Hereinafter referred to as "Plaintiff"), is an adult citizen of the State of South Carolina, and resides at 202 Wescott Drive, Clemson, South Carolina 29631. Plaintiff owns 300 shares or thirty percent (30%) of the outstanding stock of I-65 Properties, Inc. Plaintiff acquired the stock upon the creation of I-65 Properties, Inc., in October of 1990 and has held the stock without interruption since that time.

2. I-65 Properties, Inc (Hereinafter referred to as "I-65"), at all times herein mentioned was, and now is, a corporation duly organized and existing under the laws of the State of Alabama, engaged in the business of management of properties, and having its principal place of business in the City of Prattville, County of Autauga.

3. Defendant, Richard M. Dorsey (Hereinafter referred to as "Defendant") is an adult resident citizen of the State of Alabama, residing at 625 East Main Street, Prattville, Alabama 36067. Defendant owns 700 shares or seventy percent (70%) of the outstanding stock of I-65 Properties, Inc. Defendant is the President, Treasurer, and Chairman of the Board of Directors of I-65 Properties, Inc.

4. Defendant, CD & O, LLC (Hereinafter referred to as "CD&O") is a limited liability company organized under the laws of the state of Alabama with its principal place of business in this judicial circuit. Richard M. Dorsey, on information and belief, owns the majority and controlling interest and is the managing member of CD&O.

## II.
## JURISDICTION

5. The Court has jurisdiction over this matter, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. The Court has personal jurisdiction over Plaintiff, because they have submitted themselves to the jurisdiction of the Court. The Court has personal jurisdiction over Defendant, because he is a resident of this judicial district in the state of Alabama.

## III.
## VENUE

7. Venue is proper in the Middle District of the Northern Division of Alabama, because the Defendant is a resident citizen of this judicial district, I-65 was incorporated within this judicial

district, and the acts and events giving rise to the claims alleged herein arose in this judicial district.

### IV.

8. This action is not a collusive one to confer on a court of the United States jurisdiction that it would not otherwise have.

### V.
### FACTUAL ALLEGATIONS

9. Plaintiff represents approximately thirty percent (30%) of the outstanding stock of I-65. Defendant, who owns seventy percent (70%) of the outstanding stock of I-65, has operated and controlled I-65 as majority shareholder, President, Treasurer, and Chairman of the board of directors since its creation in 1990.

10. Defendant has used his position to control I-65 and its assets and to manage I-65 in a manner oppressive to the other shareholder in violation of the fiduciary duty he owes her. For example, Defendant has (a.) refused to provide the minority shareholder with documents or access to information as required under Alabama law, (b.) denied the shareholder meaningful participation in management of the corporate affairs as required under Alabama law, (c.) failed to allow the Plaintiff to participate in any annual shareholder meeting, either directly or through proxy, and (d.) stripped I-65 of any future profits by acquiring most land surrounding I-65 through Defendant's other corporations.

11. Defendant also has engaged in a course of self-dealing that has permitted him unlawfully to participate in profits of the business at the expense of the minority shareholder and I-65 as a whole. As a result, Plaintiff has been demanded to pay a mortgage on behalf of I-65 to Defendant's other corporation Dorsey Motor Sales, Inc which inure exclusively to the benefit of Defendant.

12. Defendant has denied Plaintiff any meaningful participation in the management of I-65 by using his position as controlling shareholder and the holder of seventy percent (70%) of the outstanding shares of I-65. Defendant has not allowed the Plaintiff to participate in any Board of Directors meetings, or willfully miscommunicated the timing of the meetings so that the meeting was finished upon Plaintiff's arrival. As such, Plaintiff has had no actual or effective participation in management and no access to information regarding the same.

13. To further squeeze Plaintiff out of I-65, Defendant offered to buy Plaintiff's stock in I-65 to satisfy a mortgage that was made to another of Defendant's Corporations. The actual value of Plaintiff's stock is approximately triple the value that Defendant offered to Plaintiff in order to satisfy the mortgage. Said mortgage is purported to be inadequate and false upon its conception.

14. Defendant breached his fiduciary duties of good faith and ordinary care owed to I-65. Defendant has engaged in business transactions, utilized I-65 resources, and has exposed I-65 to financial obligations which did not serve nor further the legitimate business purpose of I-65 Properties, Inc.

15. Defendant has operated CD&O, a competing land development in which Defendant owns the majority interest. Defendant has used the resources of CD&O to the detriment of I-65. And Defendant has impaired the financial standing of I-65 by purchasing all the surrounding land of I-65 to further purport the business of CD&O.

16. Defendant engaged in a series of conflicting interest transactions that put I-65 at immediate risk of serious loss either without disclosure to the Board or without approval or ratification of a majority of qualified shareholders. Further, Defendant failed to make the required disclosure to the qualified shareholders of the nature and extent of his conflicting interest in transactions proposed or entered into.

17. Defendant made it impossible to obtain a quorum of qualified Directors to review, ratify or approve any conflicting interest transactions relating to himself.

18. Defendant has acted negligently toward the interests of I-65 in failing and refusing to commit the time and resources to the operations of I-65 as opposed to his competing businesses and by commingling the resource of I-65.

## VI.
## DEMAND

19. Demand for corrective action was made but has been futile or unavailing because the Defendant is the majority and controlling shareholder, president, and chairman of the Board of Directors. Further, because Defendant is the only controlling shareholder, it would be impossible to get a quorum of qualified directors for review of the opposed actions.

## VII.
## CLAIMS

### Count One
### Oppression and Squeeze Out

20. Plaintiff incorporates by reference all allegations above as if fully set out herein.

21. Defendant is liable for his wrongful and willful oppression and squeeze-out of the Plaintiff's interests in I-65 in accordance with principles in *Fulton v. Callahan*, 621 So. 2d 1235 (Ala. 1993) ("Shareholders in a close corporation have a right to share in corporate earnings, and a [controlling shareholder] cannot deprive such shareholders of that right by failing to declare dividends or otherwise manipulating corporate earnings to squeeze out [non-controlling shareholder] interests.").

WHEREFORE, Plaintiff respectfully request judgment in favor of Plaintiff and against Defendant including compensatory and punitive damages and any other, further legal or equitable relief that may be granted, including, but not limited to, attorney fees and costs.

## Count Two
## Breach of Fiduciary Duty Owed to Shareholders

22.     Plaintiff incorporates by reference all allegations above as if fully set out herein.

23.     Defendant is liable for his mismanagement of the corporation and breaching of his fiduciary duty owed to Plaintiff as minority shareholder. Defendant has failed and refused to manage I-65 in a manner beneficial to all shareholders and has denied Plaintiff her right as a minority shareholder to participate in the fair share of corporate gains and in the management of the affairs of I-65.

WHEREFORE, Plaintiff respectfully request judgment in favor of the Plaintiff and against Defendant including compensatory and punitive damage and any other, further legal or equitable relief that may be granted, including, but not limited to, attorney fees and costs.

## Count Three
## Breach of Fiduciary Duty Owed to I-65

24.     Plaintiff incorporates by reference all allegations above as if fully set out herein.

25.     Defendant failed to exercise due care in fulfilling his duties and obligations as a member of the Board of Directors in, among other things, allowing CD&O to enter into purchase agreements for the surrounding competitive land of I-65, without giving I-65 an option to purchase.

26.     As a result of Defendant's negligence, I-65 has been damaged.

WHEREFORE, Plaintiff respectfully request judgment in favor of I-65 and against Defendant including compensatory and punitive damages and any other, further legal or equitable relief that may be granted, including, but not limited to, attorney fees and costs.

## Count Four
## Negligence

27. Plaintiff incorporates by reference all allegations above as if fully set out herein.

28. Defendant failed to exercise due care in fulfilling his duties and obligations as member of the Board of Directors in, among other things, allowing I-65 to enter into a mortgage agreement with Defendant's other corporation, Dorsey Motors Inc. with an exuberant interest rate.

29. As a result of Defendant's negligence, I-65 has been damaged.

WHEREFORE, Plaintiff respectfully request judgment in favor of I-65 and against Defendant personally, individually, and officially, including compensatory and punitive damages and any other, further legal or equitable relief that may be granted, including, but not limited to, attorney fees and costs.

## Count Five
## Willful and Wanton Conduct

30. Plaintiff incorporates by reference all allegations above as if fully set out herein.

31. Defendant willfully and wantonly failed to exercise due care in fulfilling his duties as member of the Board of Directors in, among other things, allowing CD&O to enter into purchase agreements for the surrounding competitive land of I-65, without giving I-65 an option to purchase, and allowing I-65 to enter into a mortgage agreement with Defendant's other corporation, Dorsey Motors Inc. with an exuberant interest rate.

32. As a result of Defendant's negligence, I-65 has been damaged.

WHEREFORE, Plaintiff respectfully requests judgment in favor of I-65 and against Defendant personally, individually, and officially including compensatory and punitive damages and any other, further legal or equitable relief that may be granted, including, but not limited to, attorney fees and costs.

## Count Six
## Conversion

33. Plaintiff incorporates by reference all allegations above as if fully set out herein.

34. Defendant's misappropriation and use of the assets of the corporation to collateralize his personal debt/gain or debts/gains of his other, unrelated business ventures constitutes the wrongful and willful conversion of personal property in which Plaintiff has an interest. This has caused great injury to Plaintiff. As a result, Plaintiff is entitled to recover compensatory and punitive damages.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendant for compensatory and punitive damages as the jury may award.

## Count Seven
## Fraud

35. Plaintiff incorporates by reference all allegations above as if fully set out herein.

36. Defendant's willful and wrongful concealment of material facts, including, without limitation, his misrepresentation of the assets of I-65 for his own personal gain, including the misrepresentation to the Plaintiff of her value in stock in order for a "squeeze out", constitutes fraud, deceit and suppression of material facts which has caused great injury to the Plaintiff. Defendant, as majority and controlling shareholder, officer, and Director of I-65, is a fiduciary of Plaintiff and owed a duty of disclosure to Plaintiff. At all times relevant, Plaintiff relied to her detriment on Defendant's nondisclosure of material facts, and as a result, was injured thereby.

WHEREFORE, premises considered, Plaintiff demands judgment for compensatory and punitive damages, interest, and attorney's fees.

WHEREFORE, Plaintiff, in her own right and as next friend of I-65 Properties, Inc. demand:

A. An accounting of all books and affairs of I-65;

B. That the Mortgage between I-65 and Dorsey Motor Sales, Inc., be set aside and/or declared null and void;

C. That Plaintiff be awarded compensatory and punitive damages, including attorney fees and costs associated with this lawsuit; and

D. That Defendant be sanctioned and removed from the Board of Directors and any management position associated with I-65 Properties, Inc.

*[signature]*
Donna Dorsey Davis

Respectfully Submitted,

*[signature]*
Lindsay B. Erwin, Esq.
asb-5299-y59e
3516 Vann Road, Suite 114
Birmingham, Alabama 35235
(205) 661-6566

Plaintiff's address:    202 Wescott Drive
Clemson, South Carolina 29631

Defendant's address:  625 East Main Street
Prattville, Alabama 36067

**Please serve Defendant with a copy of the summons at the above address.**