IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| DONNA DORSEY DAVIS, <br> as an individual and derivatively upon <br> behalf of I-65 PROPERTIES, INC., <br><br> PLAINTIFF, <br><br> VS. <br><br> RICHARD M. DORSEY, <br> as an individual and CD&O, LLC <br> as a necessary party. <br><br> DEFENDANTS. | * * * * * * * * * * * * * | CASE NO. 2:06cv766 |

## *DEFENDANT'S MOTION TO DISMISS*

COME NOW the Defendants, *Richard M. Dorsey, CD&O, LLC and I-65 Properties, Inc.*, by and through their undersigned counsel, and files this motion pursuant to *Federal Rules of Civil Procedure 12 (b) 1, 2, 3, and 6*. These Defendants specifically reserve pursuant to *Federal Rules of Civil Procedure 12 (a) 2* all rights of counterclaim. These Defendants state as grounds the following:

In support of their Motion to Dismiss:

1.  The Complaint as filed has the absence of a Federal question and additionally lacks the required judicial requirements. The Complaint as filed contains seven (7) counts, each of which is a typical State Court count and none of which contain Federal questions of law.

2.  The Plaintiff contends to have jurisdiction pursuant to *Federal Rule 23.1* of the *Federal Rules of Procedure*. However, *Rule 23.1* is for derivative actions by shareholders. I-65 Properties, Inc. is a closed corporation of which the Plaintiff is a shareholder. The only assets of I-65 Properties, Inc. are undeveloped real property located in Elmore County, Alabama and I-65 Properties, Inc. has no income with the exception of rental income from billboards located on

this property. The accounting firm of Diamond, Roller, Taunton & Carmichael, P.A. has prepared the financial documents for I-65 Properties, Inc. for many years and have provided to the Plaintiff a copy of each tax return and all financial matters relating to this property. Diamond, Roller, Taunton & Carmichael, P.A. has further corresponded with counsel for the Plaintiff and has offered to open its books for the Plaintiff or Plaintiff's counsel at their convenience. That offer has not been accepted. The Plaintiff is attempting through the exercise of *Rule 23* which relates to class actions to invoke the jurisdiction of this Court. This is in contradiction of *Federal Rules of Civil Procedure Rule 23.1 (2)* and Plaintiff further fails to show that she represents "the interest of the shareholders or members similarly situated"... in that there are no other members with the exception of the Plaintiff, Donna Dorsey Davis and Richard M. Dorsey (see affidavit of Richard M. Dorsey which is included in this Motion as if contained herein).

Furthermore, *Federal Rules of Civil Procedure 23.1* requires that any Complaint filed under this section be verified which this Complaint also lacks.

3. The Complaint as filed totally lacks any claims for relief which would reach the jurisdictional amounts required for Federal Courts. The Plaintiff in a subheading entitled "Jurisdiction" states the amount in controversy exceeds $75,000.00, yet there is no request for relief in any count presented which sets forth any relevant facts that would establish damages in the jurisdictional amount nor has any claim been made in any count which exceeds the jurisdictional limit. To the contrary, as shown in the affidavit of Richard M. Dorsey, the expenses of this corporation have exceeded its income and a proportionate percentage of responsibility for debts relative to ownership would result in the Plaintiff owing the corporation money rather than the Plaintiff being entitled to nonexistence profits.

4. The Complaint as filed fails to state a cause of action from which relief may be granted. The Plaintiff alleges her suit is brought pursuant to and according to the principals of *Fulton v. Callahan, 621 So. 2d 1235 (Ala. 1993)*. However the facts of the Fulton case and the present case have no similarities. The *Fulton* case dealt with directors and officers proscribing unfair stock dealings and intentionally devaluing the stock so that they could purchase it for a lesser amount. There is absolutely no showing of stock dealings by any of the Defendants, no transfer of any stock by any Defendants, no effort to devalue the stock which stock value is directly related to real property being the only real asset of the corporation. Therefore, the principals of Fulton are inapplicable and there is a total lack of any evidence or allegations that the Defendants have been oppressive or attempted to squeeze out the Plaintiff. Likewise, the remaining counts fail to set forth grounds which are actionable under Alabama or Federal law. Therefore, the Complaint is due to be dismissed as plead.

WHEREFORE THESE PREMISES CONSIDERED, the Defendants pray that this Honorable Court will dismiss the Complaint and grant to the Defendants any further or different relief to which they may be entitled.

RESPECTFULLY SUBMITTED,

By: _____
Clifford W. Cleveland
Attorney Code: CLE007

*OF COUNSEL:*

*The Law Office of*
*Cleveland & Colley, P. C.*
*Post Office Box 680689*
*Prattville, Alabama 36068*
*(334) 365-1500*

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing by placing a copy of same in the United States Mail, postage prepaid and properly addresses this the ____ day of September, 2006 to:

        Lindsay B. Erwin, Esquire
        3516 Vann Road, Suite 114
        Birmingham, Alabama 35235

        _____
        OF COUNSEL

STATE OF ALABAMA

COUNTY OF AUTAUGA

## **AFFIDAVIT OF RICHARD M. DORSEY**

Before me, the undersigned authority in and for said County and State, personally appeared Richard M. Dorsey, who is known to me and who being first duly sworn, deposes and says:

"I make this affidavit based upon my own personal knowledge. I am a Defendant in this case and a shareholder in I-65 Properties, Inc. I-65 Properties, Inc. consists of undeveloped real estate located in Elmore County, Alabama. This is real estate my father and I purchased as an alternative to expand our automobile business. At my father's direction, this property was transferred into I-65 Properties, Inc. with my holding 70% of the stock and my sister Donna holding 30% of the stock. We are the only two (2) stockholders of I-65 Properties, Inc. I-65 Properties, Inc. assumed the mortgage on the property as part of the purchase price.

For many years, I-65 Properties, Inc. had no income and within the last few years I have been successful in leasing billboard space on this property. This is the only income the corporation has. Throughout all these years I have personally or through companies which I own made all payments on behalf of the corporation including the mortgage payments to the prior owners of the property, tax payments, insurance payments, accounting expenses and any other costs associated with the corporation. My sister has incurred no expense on behalf of the corporation.

I have provided my sister, either directly or indirectly, with copies of income tax returns prepared by Diamond, Roller, Taunton & Carmichael, P. A. I have also instructed Alan Taunton with Diamond, Roller, Taunton & Carmichael, P. A. to meet with my sister or her attorney and

make all books and records of I-65 Properties, Inc. available to them. It is my understanding that they have not availed themselves of this offer."

Further affiant sayeth not.

_____
RICHARD M. DORSEY

SWORN TO and SUBSCRIBED before me this the day of __18th of September__, 2006.

_____
NOTARY PUBLIC
My Commission Expires: My Commission Expires on 9/17/2007