UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Donna Dorsey Davis, | ) | |
| as an individual and derivatively upon behalf | ) | |
| of I-65 Properties, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs., | ) | CIVIL ACTION NO: 2:06cv766 |
| | ) | |
| Richard M. Dorsey, as an individual, | ) | |
| and CD& O, LLC, as a necessary party, | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiff's Response and Opposition to Defendants' Motion to Dismiss**

Comes now the Plaintiff, Donna Dorsey Davis, as an individual and derivatively upon behalf of I-65 Properties, Inc., by and through the undersigned counsel, and files this Response and Opposition to Defendants' Motion to Dismiss and as grounds states as follows:

I.    **DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED AS TO PARAGRAPH ONE BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C.A. §§ 1332, 1391 (1975).**

Although the causes of action in the Plaintiff's Complaint are state law claims, this Court's jurisdiction is based on diversity according to 28 U.S.C.A. § 1332 (1975). The United States Code explicitly allows for this court to maintain jurisdiction by stating the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states… and a corporation shall be deemed to be a citizen of any State by which it has been

Davis v. Dorsey
Civil Action No.: 2:06cv766
Page 2 of 7

incorporated and of the State where it has its principal place of business." *Id* at 1332(a)(1) and

(c)(1).

The Plaintiff, Donna Dorsey Davis, is a resident citizen of the State of South Carolina.

The Defendant, Richard M. Dorsey, is a resident citizen of the State of Alabama. The Defendant,

CD&O, LLC, has its principal place of business and its registered office in Elmore or Autauga

County, Alabama. The only asset both on the books and affecting the value of the stock of I-65

Properties, Inc. is a tract of land, the value of which greatly exceeds the $75,000.00 that is

required by 28 U.S.C.A. § 1332 (1975).

Furthermore, "a civil action wherein jurisdiction is founded only on diversity of

citizenship may, except as provided by law, be brought only in a judicial district where any

defendant resides, if all defendants reside in the same State." 28 U.S.C.A. 1391 (1975).  Because

Defendant is a resident citizen of Elmore or Autauga County, Alabama, and CD&O, LLC has its

office of the registered agent in Elmore or Autauga County, Alabama venue is proper in the

Middle District of Alabama, United States District Court.

With the two prongs having been met for diversity jurisdiction, this Court has the

supplemental jurisdiction to decide the underlining state law claims as made by the Plaintiff in

the Complaint.  Jurisdiction is proper with this Court, and the Defendants' Motion to Dismiss

should be denied.

**II.    DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED AS TO PARAGRAPH TWO BECAUSE THIS CASE IS A PROPERLY FILED STOCK HOLDER DERIVATIVE SUIT AS DETERMINED BY *ALABAMA RULES OF CIVIL PROCEDURE* RULE 23.1 AND *FEDERAL RULES OF CIVIL PROCEDURE* RULE 23.1.**

The *Alabama Rules of Civil Procedure* 23.1 states a derivative action is "brought by one

Davis v. Dorsey
Civil Action No.: 2:06cv766
Page 3 of 7

or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it." The *Federal Rules of Civil Procedure* further defines rule 23.1 of a stock holder derivative action as "one or more shareholders or members [right] to enforce [that] which may properly be asserted by it."

In the case of *James v. James*, the Court held that Jerry James, who was a minority stockholder in a closely held corporation, was allowed to bring a stockholder derivative suit against his sibling for such claims as "oppression/squeeze out." 768 So. 2d 356 (2000). The Court found the majority shareholder had "illegally usurped corporate opportunities, and had unjustly enriched himself at the expense of the corporation" and not only did the "majority shareholder in a close corporation owe a duty to act fairly toward a minority shareholder," but the closeness of the relationship between the shareholders would make the demand futile. *Id*. at 358-360.

In an effort to squeeze out the Plaintiff from I-65 Properties, Inc. the Defendant offered to buy Plaintiff's stock to satisfy a self dealing mortgage that was made to another of Defendant's Corporations. The actual value of Plaintiff's stock (the value of the property the corporation holds) is more than **triple** the value the Defendant offered in order to satisfy the mortgage. The Plaintiff further avers the mortgage is purported to be inadequate and false upon its conception.

Furthermore, Plaintiff has made a demand on the majority shareholder of the closely held corporation, but because the Defendant is the majority and controlling shareholder, president,

Davis v. Dorsey
Civil Action No.: 2:06cv766
Page 4 of 7

and chairman of the Board of Directors, further attempts would be futile or unavailing at this time.

Wherefore, Plaintiff is the proper person as a minority shareholder in which to bring a stockholder derivative suit under *A.R.C.P* 23.1 and *F.R.C.P.* 23.1, and as determined by the Court in *James v. James*, and Defendants' Motion to Dismiss should be denied. 768 So. 2d 356 (2000). If this honorable Court deems Plaintiff has not met the verified requirement by the lack of notarization, the Plaintiff respectfully moves this Honorable Court to allow her to Amend the Complaint to satisfy such requirement.

### III. DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED AS TO PARAGRAPH THREE BECAUSE THE VALUE OF THE CORPORATION WELL EXCEEDS THE JURISDICTIONAL AMOUNT.

On the best belief of the Plaintiff, the real property which encompasses I-65 Properties, Inc. (the only value of the corporation) greatly exceeds the jurisdictional amount of $75,000.00. Further attempts of the Defendant to devalue the corporation's assets is a direct reflection of those issues addressed in Plaintiff's Complaint. The mortgage amount in which the Defendant has fraudulently obtained for I-65 Properties, Inc. to another of his companies exceeds $1,490,000.00. This was made apparent to the Plaintiff when the Defendant, acting on behalf of I-65 Properties, Inc., demanded that the Plaintiff pay her share of such debt or turn over her share of the stocks in said corporation. If the expenses of the corporation have exceeded its income, it is only due in part of the mismanagement by the majority shareholders in I-65 Properties, Inc.

Davis v. Dorsey
Civil Action No.: 2:06cv766
Page 5 of 7

Due to the value of the property that is the primary asset of I-65 Properties, Inc. and the value of the fraudulent mortgage that is in controversy, the requirement amount of $75,000.00 is greatly exceeded. Defendants' Motion to Dismiss is due to be denied.

IV.    **DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED AS TO PARAGRAPH FOUR BASED ON THE FACTUAL ALLEGATIONS IN THE PLAINTIFF'S COMPLAINT AND THE WELL ESTABLISHED STANDARD OF REVIEW.**

A Motion to Dismiss is "only granted when the movant demonstrates 'beyond doubt that the plaintiff' can prove no set of facts in support of his claim which would entitle him to relief…[and] the facts stated in complaint and all reasonable inferences are [to be] taken as true." *Estate of Rodriques v. Drumond Co., Inc.* 256 F. Supp. 2d 1250 (N.D. Ala. 2003) citing *Conley v. Gibson* 355 U.S. 41, 45-45, 78 S. Ct 99, 2 L. Ed. 2d 80 (1957).  In doing so, the Court must take such facts in Plaintiff's complaint "as true for the purpose of this motion." *Id.*

The facts of Plaintiff's complaint clearly state causes of action against Richard M. Dorsey, the majority stockholder, and CD&O, LLC.  The claims of oppression and squeeze out, breach of fiduciary duty owed to the shareholders and I-65 Properties, Inc., negligence, willful and wanton conduct, conversion, and fraud are all evidenced in the factual allegations of the Plaintiff's complaint.

Defendant manipulated corporate earnings and tried to squeeze out the minority shareholder when he offered to buy her stock way below the actual value in order to erase an inadequate and false mortgage.

Defendant has breached his fiduciary duty to the shareholders and the corporation by denying the minority shareholder the right to participate in the management of the affairs of the

Davis v. Dorsey
Civil Action No.: 2:06cv766
Page 6 of 7

closely held corporation. The Defendant breached such duty to the corporation itself by using his other companies to purchase the surrounding competitive land of I-65 Properties, Inc, without giving I-65 Properties, Inc. an option to purchase. Furthermore, Defendant was negligent in his handling of the corporation by entering into a mortgage agreement with one of his other companies at an exuberant rate of interest.

Because of the above facts and the Plaintiff's allegations in the complaint, Defendant has displayed willful and wanton conduct in fulfilling his duties as majority stockholder. Plaintiff has adequately stated numerous causes of action with specificity, and the facts which are to be taken as true are actionable under Alabama or Federal law. Defendants' Motion to Dismiss is due to be denied.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully pray that this Honorable Court will deny Defendants' Motion to Dismiss on all four paragraphs, or in the alternative to paragraph two, allow the Plaintiff the opportunity to amend the complaint as filed to include the seal of notarization. Furthermore, the Plaintiff respectfully request any further or different relief to which they may be entitled.

RESPECTFULLY SUBMITTED,

By:   s/Lindsay B. Erwin
      Lindsay B. Erwin (ERW005)


Lindsay B. Erwin
Attorney at Law
3516 Vann Road, Suite 114
Birmingham, Alabama  35235
(205) 661-6566

Davis v. Dorsey
Civil Action No.: 2:06cv766
Page 7 of 7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of October, 2006, I electronically filed the foregoing
with the Clerk of the Court using the CM/ECF system and have served a copy of same
electronically and placing a copy of same in the Unites States Mail, postage prepaid and properly
addressed to:

Clifford W. Cleveland
Post Office Box 680689
Prattville, Alabama 36068

                                               __s/Lindsay B. Erwin_____
                                               Of Counsel