UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA DORSEY DAVIS,<br>as an individual and derivatively upon<br>behalf of I-65 Properties, Inc.,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD M. DORSEY, as an individual,<br>and CD & O, LLC, as a necessary party,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 2:06-CV-766-MHT<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION TO DISMISS

COMES NOW Richard M. Dorsey (hereinafter "Defendant"), CD & O, LLC and I-65 Properties, Inc., Defendants in the above-styled cause, by and through their undersigned counsel, and pursuant to this Court Order, file the following brief in support of their *Motion to Dismiss Plaintiff's Complaint*, which is currently pending before this Court. In support thereof, the Defendants incorporate by reference all defenses and evidentiary submissions which were filed with their Motion to Dismiss, as if fully set out herein.

## PLAINTIFF'S COMPLAINT

In her *Complaint* filed August 22, 2006, Plaintiff Donna Davis (hereinafter "Plaintiff") averred that she was a minority shareholder in a corporation known as I-65 Properties, Inc., and that the majority shareholder, Richard Dorsey ("Dorsey" or "Defendant"), was running said company in a manner detrimental to her interests. Based thereon, Plaintiff made the following allegations against the Defendant Dorsey[1]: 1) Oppression and Squeeze Out; 2) Breach of

---

[1] Although Plaintiff names CD&O, LLC "as a necessary party" in the style of the lawsuit and addresses the company as a party in the party statement of the complaint, there is no cause of action or

1

Fiduciary Duty to Shareholders; 3) Breach of Fiduciary Duty to the Company; 4) Negligence; 5) Wantonness; 6) Conversion; and 7) Fraud. In her prayer for relief, Plaintiff seeks compensatory and punitive damages, fees and costs and other further relief. On September 18, 2006, Defendants filed a Motion to Dismiss Plaintiff's claims in their entirety. This brief follows at the direction of this Honorable Court.

## STATEMENT OF FACTS

Defendants attached the Affidavit of Richard M. Dorsey to the previously filed *Motion to Dismiss*. A review of the affidavit reveals that I-65 Properties, Inc. (hereinafter "I-65") is a close corporation with 70% of the stock owned by Defendant and 30% of the stock owned by his sister, the Plaintiff. In her *Complaint*, Plaintiff makes a number of allegations against Defendant related to his management and control of I-65 and his breach of his fiduciary duty owed to her and I-65. Defendant testifies that he has satisfied any expenses incurred by the corporation and that Plaintiff has incurred no expenses as a result thereof. He further testifies that he has provided the Plaintiff with income tax returns and has made an open offer for Plaintiff (and her attorney) to inspect the records, but she did not accept.

## STANDARD OF REVIEW

Pursuant to *Federal Rules of Civil Procedure* 12(b)(1) and 12(b)(6), a defendant may move for dismissal of a cause if subject matter jurisdiction is absent or if a complaint fails to state a claim upon which relief can be granted, respectively. A motion to dismiss is only granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harper v. Blockbuster Entertainment Corp.,* 139 F.3d 1385, 1387 (11th Cir.1998). To survive a motion to dismiss, a plaintiff may not

---

prayer for relief requested against CD&O, LLC. As such, CD&O, LLC should be dismissed as a matter of law regardless of the merits of this motion which addresses whether jurisdiction can be established and whether Plaintiff can maintain a Rule 23.1 shareholder derivative suit. Certainly a Rule 23.1 lawsuit

merely "label" his or her claims. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D. Fla.1996). A trial court, in ruling on a motion to dismiss, is required to view the complaint in a light most favorable to the plaintiff. *Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991). Although the court must take the allegations in a complaint as true when reviewing motions to dismiss, it is not permitted to read into the complaint facts that are not there. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944-45, 92 L.Ed.2d 209 (1986); *Beck v. Interstate Brands Corp.,* 953 F.2d 1275 (11th Cir.1992). When, on the basis of a dispositive issue of law, no construction of the actual allegations of a complaint will support the plaintiff's cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991), *cert. denied,* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States,* 945 F.2d 374 (11th Cir.1991). A review of all of Plaintiff's claims, even when they are viewed in a light most favorable to Plaintiff, reveals that this lawsuit is due to be dismissed as a matter of law based on the face of the Complaint.

## ARGUMENT

The above-styled action is due to be dismissed because (1) subject matter jurisdiction does not lie with this Court based on federal question jurisdiction in that each claim relates to a state, not federal, cause of action, (2) Plaintiff cannot establish diversity jurisdiction as she cannot establish that the amount in controversy exceeds $75,000.00, and, regardless of the foregoing, (3) Plaintiff's assertion of jurisdiction pursuant to Rule 23.1 of the *Federal Rules of Civil Procedure* is inappropriate as this is not a proper shareholder derivative suit.

### I.    PLAINTIFF'S COMPLAINT LACKS A JURISDICTIONAL BASIS

Federal courts have limited jurisdiction, and accordingly, "a federal court may hear a case only if it is authorized to do so by federal law." *Poole v. American Intern. Group, Inc.*, 414

---

cannot be maintained against CD&O, LLC.

F.Supp.2d 1111, 1114 (M.D.Ala. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) and *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In order to satisfy the jurisdictional requirements for this Court, Plaintiff must establish that she has either federal question jurisdiction or diversity jurisdiction. A review of Plaintiff's *Complaint* reveals that neither is present.

### A.    NO FEDERAL QUESTION

Pursuant to 28 U.S.C. §1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It is undisputed here that there is no federal question jurisdiction as Plaintiff does not allege any violation of a federal law or any federal right conferred by the United States Constitution. To the extent Plaintiff seeks to establish jurisdiction pursuant to *Federal Rule of Civil Procedure* 23.1, such is not properly asserted as will be discussed more fully in Section II below.

### B.    DIVERSITY JURISDICTION

Additionally, a party may establish diversity jurisdiction to proceed in federal court. Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different states". 28 U.S.C. §1332. While this action is between citizens of different states, the amount in controversy does not exceed $75,000, despite Plaintiff's assertion otherwise.

In order to invoke diversity jurisdiction, the plaintiff must allege facts that show the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. §1332(a). If a plaintiff's allegation of the amount in controversy is challenged, the plaintiff must support her contention with proof of a reasonable probability that jurisdiction exists. *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311,315 (7th Cir. 1996). Where diversity jurisdiction is based on a claim for indeterminate damages, the party seeking to invoke federal jurisdiction bears the

burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003); 28 U.S.C. §1332. If it is apparent, to a legal certainty, from the face of the pleadings or after proof has been given that the plaintiff cannot recover the jurisdictional amount, the suit should be dismissed. *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255 (11th Cir. 2000).

Here, Plaintiff has made only the bare allegation that "the amount in controversy exceeds $75,000.00, exclusive of interest and costs". (Complaint ¶5). However, while "a diversity suit should not be dismissed unless it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy], this liberal standard for jurisdictional pleading is not a license for conjecture." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1269 (11th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)(Internal quotations omitted).

Application of the foregoing precedential case authority dictates that the Complaint in the present matter is due to be dismissed. First, on the face of the Complaint, Plaintiff's demands for relief fall far short of establishing $75,000 in controversy. Calling for sanctions, an accounting of the books and declaring the property mortgage void cannot constitute money damages. Any call for damages to be paid to the Plaintiff directly is improper (as is more fully discussed below). Even if such were proper, Plaintiff simply does not present any cause of action which sets forth any relevant facts that would establish damages within or in excess of the jurisdictional amount. Therefore, there are no facts or allegations on the face of the Complaint to substantiate an amount in controversy of $75,000 or more. As such, diversity jurisdiction cannot be established and the Complaint should be dismissed. However, even more telling is Defendant's affidavit testimony regarding the financial status of I-65 which

demonstrates that the amount in controversy does not exceed $75,000. The shortcomings of the pleadings regarding facts asserted and relief demanded, coupled with Defendant's affidavit testimony, render it impossible for Plaintiff to meet the burden of proof necessary to establish the prerequisite amount in controversy for diversity jurisdiction.

Absent a sufficient amount in controversy, diversity jurisdiction is destroyed and this matter is due to be dismissed as a matter of law.

## II.     PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 23.1

This suit has been brought pursuant to Fed.R.Civ.P. 23.1, which governs shareholder derivative suits. For numerous reasons, even if diversity jurisdiction could be established, Plaintiff's Complaint is nonetheless due to be dismissed because Plaintiff cannot maintain any cause of action based on a Rule 23.1 shareholder derivative suit.[2]

### A.     PURPOSE OF RULE 23.1

Rule 23.1 suits are based on the wrongs committed against a corporation by an officer or director of that corporation. See *Daily Income Fund, Inc. v.* Fox, 464 U.S. 523, 531-32, 104 S.Ct. 831, 78 L.Ed.2d 645 (1984); *Jefferson County Truck Growers Ass'n v. Tanner,* 341 So.2d 485, 487 (Ala. 1977). It is fundamental that the corporation must have suffered an actual injury for there to be grounds for a shareholder's derivative suit, and that the only damages recoverable in a derivative suit are those related to the loss or damage proximately caused by the wrong committed. *Deal v. Johnson,* 362 So.2d 214 (Ala.1978). From the outset it is critical to note that Plaintiff's Complaint does not reflect the appropriate nature of a Rule 23.1 suit. As such, the Complaint is due to be dismissed. In addition, as explained below, Plaintiff also fails to meet the necessary elements to maintain a Rule 23.1 shareholder derivative suit.

---

[2] This is without question true for any potential claim against CD&O, LLC to the extent Plaintiff attempts to now argue that she is stating a claim against that entity. It is undisputed Plaintiff holds no ownership interest/stock within said company.

### B. PRE-SUIT DEMAND

As an initial matter, this cause of action belongs to the corporation, not the individual shareholder, and thus before bringing suit, the plaintiff must make a demand on the corporation's board of directors to bring a suit on behalf of the corporation. Fed.R.Civ.P. 23.1; *Kamen v. Kemper Fin. Servs., Inc.,* 500 U.S. 90, 95, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991).

The decision to bring a lawsuit is a business one and a corporation's board of directors has the primary responsibility of conducting the business affairs for the corporation. Id. at 101. A pre-suit demand gives the corporate directors an opportunity to correct any internal abuses without a lawsuit, make decisions that are in the best interest of the company, and thereby conserve company and judicial resources. *Stepak v. Addison,* 20 F.3d 398, 402 (11th Cir.1994). The presumption is that the directors will be "faithful to their fiduciary duties" and thus the burden is on the plaintiff in a derivative action to overcome that presumption. *Beam v. Stewart,* 845 A.2d 1040, 1048-49 (Del. 2004). No such demand was made by Plaintiff prior to the filing of this action and therefore the action has been improperly instituted.

That being said, the pre-suit demand may be excused by a proper pleading of demand futility. *Kamen,* 500 U.S. at 96. Under F.R.Civ.P. 23.1, when a shareholder plaintiff asserts that a demand was not made on the board because it would have been futile, the plaintiff must plead "with particularity" why the demand was not made. It has been noted that Rule 23.1 does not create a substantive demand requirement of any particular dimension and, on its face, speaks only to the adequacy of the shareholder representative's pleadings. *Kamen v. Kemper Fin. Services, Inc.,* 500 U.S. 90, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991). However, the rule clearly contemplates both the demand requirement and the possibility that the demand may be excused. Id. The heightened pleading standard further reinforces the notion that a shareholder derivative suit is an extraordinary procedural device, "to be used only when it is clear that the

corporation will not act to redress the alleged injury to itself." Id.  The adequacy of the pleading is determined by the law of the state of incorporation, which here is the State of Alabama.  Id.

Under Alabama law, Ala.R.Civ.P. 23.1 also requires that the plaintiff in a derivative action "allege with particularity the efforts, if any, made by the plaintiff to obtain the action [he or she] desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or the reasons for not making the effort." *Elgin v. Alfa Corp.,* 598 So.2d 807 (Ala.1992).  This language is referred to as a provision for "director demand." *Elgin,* 598 So.2d at 814.  Under Alabama law, the director demand may also be excused if that demand would be futile. Id. To show "futility," the shareholder must show "such a degree of antagonism between the directors and the corporate interest that the directors would be incapable of performing their duty." *Elgin,* 598 So.2d at 815. However, a bare allegation that a majority of the directors are wrongdoers is insufficient. *Cooper v. USCO Power Equipment*, 655 So.2d 972 (Ala. 1995).

A review of the Plaintiff's *Complaint* in the instant case, even when viewed in a light most favorable to her, reveals that she has failed to make such a demand upon the corporation and has also failed to demonstrate or plead with any particularity as to why such a demand was futile or due to be excused.  (*Complaint* ¶19).  Plaintiff simply avers that demand is futile because Defendant is the majority stockholder of the corporation, which is insufficient under Alabama law.  See *Stallworth v. AmSouth Bank of Alabama*, 709 So.2d 458 (Ala.1997) (shareholder's bare allegation that a majority of the directors are wrongdoers is insufficient to satisfy director-demand requirement for maintaining derivative action); *Cooper*, 655 So.2d at 975 (shareholder's conclusory allegation that demand would be futile was insufficient to demonstrate the same and thus shareholder's failure to make director demand barred her action under rule governing shareholder actions).

In addition, as noted within the Defendant's Affidavit, which is attached to the previously filed Motion to Dismiss, an open offer has been made to Plaintiff and her attorney to review the corporation's books and finances at their convenience, and to discuss the same. It is undisputed that Plaintiff has never availed herself of this offer, but instead ignored the offer and chose to file suit. Such an open offer to Plaintiff certainly does not demonstrate that any demand made by her on behalf of the corporation would be futile, even when the offer is construed in a light most favorable to her.

### C.    MONEY DAMAGES

In addition, Plaintiff avers in her *Complaint* that she is seeking money damages, both punitive and compensatory. However, "a shareholder receives no direct benefit from a derivative suit." *Rothenberg v. Security Management Co.*, 667 F.2d 958, 960, n. 3 (11th Cir. 1982). Also, under Alabama law, minority shareholders are not entitled to recover damages in a shareholder-derivative action. See *James v. James,* 768 So.2d 356 (Ala.2000)(a minority shareholder cannot parlay a wrong committed primarily against the corporation, which gives rise to a derivative claim only, into a personal recovery); *Stallworth v. AmSouth Bank,* 709 So.2d 458 (Ala.1997)(same). In a shareholder-derivative action, the claims are asserted on behalf of a corporation; therefore, only the corporation is entitled to recover damages on those claims. If the corporation recovers damages as a result of the derivative action, the minority shareholders benefit indirectly by virtue of their ownership in the corporation. However, an award of damages directly to the minority shareholders on a shareholder-derivative claim is improper. *Robbins v. Sanders*, 890 So.2d 998 (Ala. 2004). As such, plaintiff's claims for money damages, whether punitive or compensatory, are improper and are also due to be dismissed.

### D.    REPRESENTATION OF OTHER SHAREHOLDERS

Additionally, Fed.R.Civ.P. 23.1 dictates that "[t]he derivative action may not be

maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." I-65 has only two shareholders: Plaintiff who holds 30% of I-65's shares and Defendant who holds 70% of I-65's shares. There is no way that Plaintiff can demonstrate that she represents similarly situated shareholders in this action as the only other shareholder is the Defendant. Accordingly, by the plain language of Rule 23.1, this action is improper and is due to be dismissed.

      E.    GENERAL THEORY OF CASE FAILS

On a further, substantive basis, the *Complaint* is also due to be dismissed as it fails to state a claim for which relief can be granted in general. Those who embark in a corporate enterprise as stockholders do so under an implied agreement that the business shall be controlled and directed by a majority of the stockholders. *Brooks v. Hill*, 717 So.2d 759 (Ala.1998). In her *Complaint* Plaintiff avers that the majority stockholder here - Defendant - has mismanaged the corporation and cites to this court the case of *Fulton v. Callahan*, 621 So.2d 1235 (Ala. 1993), averring that her suit is similar. However, as noted within the Motion to Dismiss, unlike the *Fulton* case, there is no evidence whatsoever of any stock dealings, transfer of stock, or of efforts to devalue stock - said stock consisting solely of real property - which would support any such claims by plaintiff, even when all facts are viewed in a light most favorable to her. In addition, *Fulton* was brought under the auspices of §10-2A-71, Ala. Code (1975), which has since been repealed by the Alabama legislature. See *Alabama Acts* 1994, No. 94-245, p. 457, §3. It therefore has no application here. Plaintiff's allegations about Defendant's operation of I-65 ignore the general principals of corporation law.

Corporate officers are required to act with fidelity and in good faith, subordinating their

personal interests to the interests of the corporation. *Hardy v. Hardy,* 507 So.2d 404, 406 (Ala.1986). (Citation omitted). However, what has become known as the "business judgment" rule allows corporate management the freedom to make decisions in conducting the corporation's internal business affairs. The Alabama Supreme Court has expressed this rule as follows:

> If in the course of management, directors arrive at a decision, within the corporation's powers ..., for which there is a reasonable basis, and they act in good faith, as the result of their independent discretion and judgment, and uninfluenced by any consideration other than what they honestly believe to be the best interest of the corporation, a court will not interfere with internal management and substitute its judgment for that of the directors to enjoin or set aside the transaction or to surcharge the directors for any resulting loss.

*Roberts v. Alabama Power Co.,* 404 So.2d 629, 631 (Ala.1981), quoting H. Henn, *Law of Corporations,* § 242 (2nd Ed. 1970).

While Plaintiff may not have agreed with all of the business decisions made by Defendant in regard to the corporation, a minority shareholder in a large corporation has no right to participate in managing the business or affairs of a corporation generally, and thus may not seek a remedy, via a "squeeze-out" action, for the denial of that right. *Stallworth v. AmSouth Bank of Alabama*, 709 So.2d 458 (Ala.1997). In addition, minority stockholders cannot displace corporate authority, by substituting their policy, management, and control of the courts, except in plain cases of such fraud or mal-administration as would work manifest oppression or wrong to them. *Waldrop v. Martin*, 188 So. 59 (Ala.1939). Because there is simply no evidence here to suggest the same, even when all of the evidence is viewed in a light most favorable to the Plaintiff, her complaint is due to be dismissed.

### F. COMPLAINT IS NOT VERIFIED

Lastly, as also noted within the Motion to Dismiss, the *Complaint* is not verified as

required under Fed.R.Civ.P. 23.1 and Ala.R.Civ.P. 23.1

Based upon all of the foregoing, it is clear that Plaintiff's *Complaint* is due to be dismissed in its entirety for its failure to comply with the prerequisites mandated under the applicable Rules - both Alabama and Federal - of Civil Procedure.

## **CONCLUSION**

Based upon the foregoing undisputed facts and the applicable Federal and Alabama authorities, Defendants Richard M. Dorsey, CD&O, LLC, and I-65 Properties, Inc., respectfully request that this Court dismiss Plaintiff's *Complaint* in its entirety, on the grounds that it fails to state a claim upon which relief can be granted by this court, even when all facts are viewed in a light most favorable to Plaintiff.  A review of Plaintiff's *Complaint* reveals that she has failed to satisfy the jurisdictional requirements necessary to file suit in this court, and has also failed to undertake the necessary procedural steps prior to instituting her action under the substantive law of Alabama.  Lastly, the general theory of her case fails on a substantive basis in that there is no cause of action upon which relief can be granted.  As such, it is respectfully submitted that Plaintiff's Complaint is due to be dismissed in its entirety.

Respectfully submitted this 13th day of October 2006.

//s//
CLIFFORD W. CLEVELAND
Attorney for Defendants


OF COUNSEL:

Cleveland & Colley, P. C.
Post Office Box 680689
Prattville, Alabama, 36068
(334) 365-1500

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document on the following by placing a copy in the United States mail, postage prepaid and properly addressed on this the 13th day of October 2006.

>Lindsay B. Erwin, Esquire
>3516 Vann Road, Suite 114
>Birmingham, AL 35235
>
>
>//s//
>OF COUNSEL