UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Donna Dorsey Davis, )<br>as an individual and derivatively upon behalf )<br>of I-65 Properties, Inc. )<br> )<br>    Plaintiff, )<br> )<br>vs., )<br> )<br>Richard M. Dorsey, as an individual, )<br>and CD& O, LLC, as a necessary party, )<br> )<br>    Defendant. ) | CIVIL ACTION NO: 2:06cv766 |

**REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Rule 26(f), Fed. R. Civ. P., a meeting was held on <u>October 30, 2006</u> via internet communication and was attended by:

    Lindsay B. Erwin for Plaintiff, and

    Clifford W. Cleveland for Defendants.

2. <u>Synopsis of General Claims and Defenses:</u>

<u>Plaintiff:</u>    This action arises under Ala. R. Civ. P. 23.1 and is based on diversity jurisdiction. The Plaintiff, Donna Dorsey Davis, individually and derivatively on behalf of I-65 Properties, Inc., is entitled to the relief she seeks because Defendant has used his position to control I-65 and its assets and has managed I-65 in a manner oppressive to the other shareholder in violation of the fiduciary duty he owes her. Plaintiff alleges Defendant has (a.) refused to provide the minority shareholder

with documents or access to information as required under Alabama law, (b.) denied the shareholder meaningful participation in management of the corporate affairs as required under Alabama law, (c.) failed to allow the Plaintiff to participate in any annual shareholder meeting, either directly or through proxy, and (d.) stripped I-65 of any future profits by acquiring most land surrounding I-65 through Defendant's other corporations. Plaintiff further alleges that Defendant has engaged in a course of self-dealing that has permitted him unlawfully to participate in profits of the business at the expense of the minority shareholder and I-65 as a whole. As a result, Plaintiff has been demanded to pay a mortgage on behalf of I-65 to Defendant's other corporation Dorsey Motor Sales, Inc which inure exclusively to the benefit of Defendant. Said mortgage is purported to be inadequate and false upon its conception. Furthermore, Defendant has engaged in business transactions, utilized I-65 resources, and has exposed I-65 to financial obligations which did not serve nor further the legitimate business purpose of I-65 Properties, Inc.

  Defendant has operated CD&O, a competing land development in which Defendant owns the majority interest. Defendant has used the resources of CD&O to the detriment of I-65. Defendant has impaired the financial standing of I-65 by purchasing all the surrounding land of I-65 to further purport the business of CD&O. Defendant has acted negligently toward the interests of I-65 in failing and refusing to commit the time and resources to the operations of I-65 as opposed to his competing businesses and by commingling the resource of I-65.

Defendant:  Defendant denies that he has inappropriately managed or handle affairs of the corporation and specific denies that he has taken any action to the detriment of the Plaintiff.  To the contrary, the Defendant Richard M. Dorsey has managed frugally without any assistance from the Plaintiff and has handled the affairs of the corporation since its inception.  He has paid all bills and expenses of the corporation and has made the Plaintiff aware of the obligations and responsibilities of the corporation as related to expenses and the mortgage on the property and the Plaintiff has failed and/or refused to make any contribution towards these expenses.  The Defendant further states that he has made all financial records available to the Plaintiff and has opened all corporate books to her and her attorney which they have failed or refused to review prior to instigating this suit.  In general, Defendants Richard M. Dorsey and CD&O, LLC deny each and every allegation of the Complaint and demand strict proof thereof.  Furthermore, the Plaintiff owes sums to Richard M. Dorsey and I-65 Properties, Inc. which are due and current and for which demand has been made and claims from the Plaintiff those sums due.

3. Initial Disclosures:  The parties will exchange by November 21, 2006, the information required by Fed. R. Civ. P. 26(a)(1).

4. Discovery Plan:  The parties jointly propose to the court the following discovery plan:

Discovery shall be commenced in time to be completed by April 3, 2007;

Maximum of 40 interrogatories by each party to any other party, responses to which shall be due 30 days after service;

Maximum of 40 requests for admission by each party to any other party, responses to which shall be due 30 days after service;

Each deposition limited to a maximum of 7 hours unless extended by agreement of the parties;

Reports from retained experts under Rule 26(a)(2) are due:

From Plaintiff:     February 1, 2007

From Defendant:    April 1, 2007

Supplementation under Rule 26(e) are due 30 days before the close of discovery.

5. Other Items:  The parties do not request a conference with the Court before entry of the scheduling order.

The parties request a pretrial conference on June 28, 2007.

The Plaintiff should be allowed until January 8, 2007 to join additional parties and amend the pleadings.

The Defendant should be allowed until February 8, 2007 to join additional parties and amend the pleadings.

All potentially dispositive motions should be filed by April 30, 2007.

Final witness and exhibit lists under Rule 26(a)(3) shall be due:

From Plaintiff:     15 days prior to trial;
From Defendant:    15 days prior to trial.

Parties shall have 7 days after service of final witness and exhibit lists to object under Rule 25(a)(3).

The case should be ready for trial by July 10, 2007 in Montgomery, Alabama, and at this time is expected to take approximately 3 days.

Respectfully submitted this 31st day of October, 2006.

                                                   *s/ Lindsay B. Erwin*
Lindsay B. Erwin
(ASB-5299-y593)
Attorney for Plaintiff
3516 Vann Road, Suite 114
Birmingham, Alabama  35235

          *s/ Clifford W. Cleveland*
Clifford W. Cleveland
Attorney for Defendants
Cleveland & Colley, P.C.
Post Office Box 680689
Prattville, Alabama  36068