IN THE DISTRICT COURT
OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DONNA DORSEY DAVIS,<br>as an individual and derivatively upon<br>behalf of I-65 PROPERTIES, INC.,<br><br>    PLAINTIFF,<br><br>VS.<br><br>RICHARD M. DORSEY,<br>as an individual and CD & O, LLC<br>as a necessary party.<br><br>    DEFENDANTS.<br>And<br><br>RICHARD M. DORSEY,<br>DORSEY MOTOR SALES, INC.,<br>and TD & O, INC.,<br><br>    COUNTER PLAINTIFFS<br><br>VS.<br><br>DONNA DORSEY DAVIS,<br><br>    COUNTER DEFENDANT. | Civil Action No.<br>2:06cv766-MHT |

## ANSWER OF RICHARD M. DORSEY AND CD & O, LLC
## AND COUNTERCLAIM
## AGAINST DONNA DORSEY DAVIS

COMES NOW Richard M. Dorsey and CD & O, LLC, by and through their attorney of record, and files this Answer and Counterclaim and states as grounds the following:

[The numbered paragraph for the answer correlates to the numbered paragraph for the complaint]

## ANSWER

1. Defendants admit that Donna Davis is an adult citizen but are without sufficient knowledge as to her state of residency or her address. It is further admitted that she does own 30% of the stock of I-65 Properties, Inc. These Defendants are without sufficient information or knowledge as to whether she has held this stock without interruption since October of 1990 and therefore demand strict proof thereof.

2. These Defendants admit the allegations of paragraph number two.

3. These Defendants admit that Richard Dorsey is an adult citizen of Alabama and deny that he resides at 625 E. Main St., Prattville. They admit that he owns 70% of the outstanding stock of I-65 Properties, Inc. and is the President, Treasurer and Chairman of the Board of Directors of I-65 Properties, Inc.

4. As to paragraph number four, these Defendants admit that CD & O is a Limited Liability Company organized under the laws of the State of Alabama.

5. These Defendants deny the allegations of paragraph number five and demand strict proof thereof.

6. These Defendants deny the allegations of paragraph number six and demand strict proof thereof.

7. These Defendants deny the allegations of paragraph number seven and demand strict proof thereof.

8. These Defendants deny the allegations of paragraph number eight and demand strict proof thereof.

9. These Defendants admit that Donna Davis owns 30% of the outstanding stock of I-65 Properties, Inc. and that Richard Dorsey owns 70% of the outstanding stock of I-65 Properties, Inc. They deny all other allegations and demand strict proof thereof.

10. These Defendants deny the allegations of paragraph number ten and demand strict proof thereof.

11. These Defendants deny the allegations of paragraph number 11 and demand strict proof thereof.

12. These Defendants deny the allegations of paragraph number 12 and demand strict proof thereof.

13. These Defendants deny the allegations of paragraph number 13 and demand strict proof thereof.

14. These Defendants deny the allegations of paragraph number 14 and demand strict proof thereof.

15. These Defendants deny the allegations of paragraph number 15 and demand strict proof thereof.

16. These Defendants deny the allegations of paragraph number 16 and demand strict proof thereof.

17. These Defendants deny the allegations of paragraph number 17 and demand strict proof thereof.

18. These Defendants deny the allegations of paragraph number 18 and demand strict proof thereof.

19. These Defendants deny the allegations of paragraph number 19 and demand strict proof thereof.

20. This paragraph does not require a substantive response by these Defendants. However, for purposes of clarity, these Defendants reassert their denial of all previous denials that have been pled.

21. These Defendants deny the allegations of paragraph number 21 and demand strict proof thereof.

22. This paragraph does not require a substantive response by these Defendants. However, for purposes of clarity, these Defendants reassert their denial of all previous denials that have been pled.

23. These Defendants deny the allegations of paragraph number 23 and demand strict proof thereof.

24. This paragraph does not require a substantive response by these Defendants. However, for purposes of clarity, these Defendants reassert their denial of all previous denials that have been pled.

25. These Defendants deny the allegations of paragraph number 25 and demand strict proof thereof.

26. These Defendants deny the allegations of paragraph number 26 and demand strict proof thereof.

27. This paragraph does not require a substantive response by these Defendants. However, for purposes of clarity, these Defendants reassert their denial of all previous denials that have been pled.

28. These Defendants deny the allegations of paragraph number 28 and demand strict proof thereof.

29. These Defendants deny the allegations of paragraph number 29 and demand strict proof thereof.

30. This paragraph does not require a substantive response by these Defendants. However, for purposes of clarity, these Defendants reassert their denial of all previous denials that have been pled.

31. These Defendants deny the allegations of paragraph number 31 and demand strict proof thereof.

32. These Defendants deny the allegations of paragraph number 32 and demand strict proof thereof.

33. This paragraph does not require a substantive response by these Defendants. However, for purposes of clarity, these Defendants reassert their denial of all previous denials that have been pled.

34. These Defendants deny the allegations of paragraph number 34 and demand strict proof thereof.

35. This paragraph does not require a substantive response by these Defendants. However, for purposes of clarity, these Defendants reassert their denial of all previous denials that have been pled.

36. These Defendants deny the allegations of paragraph number 36 and demand strict proof thereof.

For further answer, these Defendants would additionally plead as follows.

37. The Complaint is due to be dismissed in that it fails to state a cause of action from which relief may be granted.

38. This Complaint is due to be dismissed in that it fails to meet the applicable statutes of limitation.

39. The Complaint is due to be dismissed in that subject matter jurisdiction does not lie with this Court based on federal question jurisdiction in that each claim relates to a state, not federal, cause of action.

40. The Complaint is due to be dismissed in that the Plaintiff does not allege any violation of a federal law or any federal right conferred by the United States Constitution.

41. The Complaint is due to be dismissed in that the Plaintiff has not established diversity jurisdiction.

42. The Complaint is due to be dismissed in that the Plaintiff has not established that the amount in controversy exceeds $75,000.00.

43. The Complaint is due to be dismissed in that Plaintiff's assertion that her claims do exceed $75,000.00 are based upon conjecture, claims that carry no monetary value and further claims upon on which recovery as pled would be impermissible and unavailable to this Plaintiff.

44. The Complaint is due to be dismissed in that Plaintiff's assertion of jurisdiction pursuant to *Rule 23.1* of the *Federal Rules of Civil Procedure* is inappropriate.

45. The Complaint is due to be dismissed in that the Complaint as pled fails to state a proper shareholder derivative suit.

46. The Complaint is due to be dismissed in that *Rule 23.1* suits are based upon actual injury suffered by the corporation and not alleged injury suffered by a shareholder.

47. The Complaint is due to be dismissed in that the Plaintiff failed to make a pre-suit demand upon the corporation's Board of Directors prior to the filing of suit.

48. The Complaint is due to be dismissed in that it fails to make a showing as to why a pre-suit demand would be futile.

49. The Complaint is due to be dismissed in that a *Rule 23.1* suit is properly brought on behalf of the corporation and not on behalf of the shareholder seeking recovery.

50. The Complaint is due to be dismissed in that it fails to meet the standards and procedures of *Ala R. Civ. P 23.1*. Alabama is the state of incorporation and therefore the adequacy of the pleading is determined by the law of the state of incorporation.

51. The Complaint is due to be dismissed in that a written offer had been made prior to suit to the Plaintiff and her attorney to review the corporation's books and finances which offer was rejected by the Plaintiff.

52. The Complaint is due to be dismissed in that the Plaintiff seeks monetary damages, both punitive and compensatory, which are not recoverable by a shareholder under a derivative suit.

53. The Complaint is due to be dismissed in that the award of any damages to a minority shareholder on a derivative claim is improper.

54. The Complaint is due to be dismissed due to the failure to demonstrate that the Plaintiff could fairly and adequately represent the interest of similarly situated shareholders.

55. The Complaint is due to be dismissed in that the Plaintiff as a shareholder embarks in a corporate enterprise under an implied agreement that the business shall be controlled and directed by a majority of the shareholders.

56. The Complaint is due to be dismissed in that it was brought pursuant to the authority stated in *Fulton v. Callahan, 621 So 2d 1235 (Ala. 1993)*, which was brought under the

auspices of *§10-2A-71, Ala. Code (1975),* which has since been repealed by the Alabama legislature.

57. The Complaint is due to be dismissed in that it is not a verified complaint as required under *Federal R. Civ. P. 23.1* and *Ala. R. Civ. P. 23.1*.

58. Defendant Dorsey pleads the Business Judgment Rule as a defense.

59. The Complaint as against CD & O, LLC is due to be dismissed in that there are no claims stated against this defendant.

60. The Complaint as against CD & O, LLC is due to be dismissed in that Plaintiff holds no ownership interest within CD & O, LLC.

## COUNTERCLAIM BY RICHARD M. DORSEY, DORSEY MOTOR SALES, INC., AND TD & O, INC. AGAINST DONNA DORSEY DAVIS

### PARTIES

1. Plaintiff Richard M. Dorsey is an adult resident citizen of Prattville, Autauga County, Alabama and over the age of nineteen years of age.

2. Plaintiff Dorsey Motor Sales, Inc. is an incorporation organized in Alabama with its principal place of business in Prattville, Autauga County, Alabama.

3. Plaintiff TD & O, LLC is a Limited Liability Company organized in Alabama with its principal place of business in Prattville, Autauga County, Alabama.

4. Donna Dorsey Davis is an adult citizen of a state other than Alabama and over the age of nineteen years of age.

## **FACTUAL ALLEGATIONS**

5. The initial suit filed by Davis relates to the ownership of an Alabama corporation known as I-65 Inc. of which Davis is a 30% owner and Dorsey is a 70% owner.

6. At the inception of I-65 Inc. in 1990 the only asset of the corporation was a parcel of property located in Elmore County, Alabama. Concurrent with the acquisition of this property the corporation assumed the indebtedness that was on the property. In addition to this indebtedness the corporation has continued to incur various expenses over the past approximately seventeen years with very limited income.

7. All expenses incurred which exceeded the financial capability of the corporation were to be bore by the stockholders on a ratio consistent with their ownership percentage.

8. Over the course of years, Davis has attended stockholders meetings and has been provided financial information relative to the corporation. She has been put on notice as to the deficit suffered by the corporation and also put on notice of the amount owed by her to Dorsey and/or Dorsey Motor Sales, Inc. and/or TD & O, Inc. who have assumed the financial responsibility of all deficits for the corporation.

9. Davis has paid no sums toward any deficits owed.

## **COUNT I**
## **CONTRACT**

10. Dorsey, Dorsey Motors and TD & O, Inc. realleges each and every allegation in paragraphs one through nine as if set out in full herein.

11. That Dorsey and the Davis entered into an agreement whereby Davis promised to repay to the Counterclaim Plaintiffs the sum of $518,645.16.

12. That Davis has breached this agreement by refusing to pay the current and outstanding balance owed to the Counterclaim Plaintiff for goods, services and advances made on the behalf.

WHEREFORE, Dorsey, Dorsey Motors and TD & O, Inc. demands judgment against Davis in the amount of $518,645.16 attorney fees, interest and costs.

## COUNT II
## OPEN ACCOUNT

13. Dorsey, Dorsey Motors and TD & O, Inc. realleges each and every allegation in paragraphs one through twelve as if set out in full herein.

14. Davis owes Dorsey, Dorsey Motors and TD & O, Inc. $518,645.16 due by open account.

WHEREFORE, Dorsey, Dorsey Motors and TD & O, Inc. demands judgment against Davis for $518,645.16 attorney fees, interest and costs.

## COUNT III
## STATED ACCOUNT

15. Dorsey, Dorsey Motors and TD & O, Inc. realleges each and every allegation in paragraphs one through fourteen as if set out in full herein.

16. Davis owes Dorsey, Dorsey Motors and TD & O, Inc. $518,645.16 by stated account.

WHEREFORE, Dorsey, Dorsey Motors and TD & O, Inc. demands judgment against Davis for $518,645.16 attorney fees and interest and cost.

## COUNT IV
## SERVICES AND EXPENSE

17. Plaintiff/Counter Defendant realleges each and every allegation in paragraphs one through sixteen as if set out in full herein.

18. Plaintiff/Counter Defendant has made demand of the Defendant/Counter Plaintiff of payment for services and expenses but Defendant/Counter Plaintiff has failed to provide payment and has failed to respond.

WHEREFORE, the Plaintiff/Counter Defendant demands judgment against the Defendant/Counter Plaintiff for $518,645.16 attorney fees, interest and cost.

## COUNT V
## ACCOUNT FOR MONEY LENT

19. Dorsey, Dorsey Motors and TD & O, Inc. realleges each and every allegation in paragraphs one through eighteen as if set out in full herein.

20. Davis owes Dorsey and Dorsey Motors $518,645.16 for money lent by Dorsey and Dorsey Motors to Davis for the time period of October 1, 1990 to December 31, 2006 for her share of corporation expenses and TD & O.

21. Davis owes Dorsey, Dorsey Motors and TD & O, $518,645.16 for money lent by Dorsey, Dorsey Motors and TD & O to Davis on or about the time period of October 1, 1990 to December 31, 2006.

WHEREFORE, Dorsey, Dorsey Motors and TD & O demands judgment against Davis for $518,645.16 attorney fees, interest and cost.

## COUNT VI
## SUMS ADVANCED

22. Dorsey, Dorsey Motors and TD & O, Inc. realleges each and every allegation in paragraphs one through twenty-two as if set out in full herein.

23. Davis owes Dorsey, Dorsey Motors and TD & O $518,645.16 for sums advanced on behalf of Davis by Dorsey and Dorsey Motors for the time period of October 1, 1990 to December 31, 2006, for the operation and expenses of I-65, Inc.

24.  Davis owes Dorsey, Dorsey Motors and TD & O $518,645.16 for sums advanced on behalf of Davis by Dorsey, Dorsey Motors and TD & O $518,645.16 for the time period of October 1, 1990 to December 31, 2006.

WHEREFORE, Dorsey, Dorsey Motors and TD & O demands judgment against Davis for $518,645.16 attorney fees, interest and cost.

RESPECTFULLY SUBMITTED,

By: _____
Clifford W. Cleveland
Attorney Code: CLE007

*OF COUNSEL:*

*The Law Office of*
*Cleveland & Colley, P. C.*
*Post Office Box 680689*
*Prattville, Alabama  36068*
*(334) 365-1500*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by placing a copy of same in the United States Mail, postage prepaid and properly addresses this the ____ day of February 2007 to:

Lindsay B. Erwin, Esquire
3516 Vann Road, Suite 114
Birmingham, Alabama  35235

_____
OF COUNSEL