**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| DONNA DORSEY DAVIS, | : | |
| as an individual and derivatively upon | : | |
| behalf of I-65 Properties, Inc., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | Case No. 2:06-cv-766-MHT |
| | : | |
| RICHARD M. DORSEY, as an individual | : | |
| and CD&O, LLC, as a necessary party, | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION TO RECONSIDER**
**THE EXTENSION OF DISCOVERY DEADLINE**

COME NOW Richard M. Dorsey and CD&O, LLC, Defendants in the above-styled cause, and respond to Plaintiff's *Motion to Reconsider the Extension of Discovery Deadline* as follows:

1.      The scheduling order in this matter was entered on November 2, 2006, setting a dispositive motions deadline of March 19, 2007 and a discovery deadline of April 3, 2007.

2.      Counsel for the parties, respectively, deposed the opposing party on March 12 and 13, 2007—after depositions had to be rescheduled due to Plaintiff's unavailability.

3.      Thereafter, Defendants timely filed their *Motion for Summary Judgment* on March 19, 2007 pursuant to the scheduling order.

4.      As to Defendants' "premature Motion for Summary Judgment", counsel can only assume that the movant is referring to the fact that same was filed prior to the discovery deadline.

5.      On the contrary, while all parties would welcome as much discovery and evidence as possible prior to filing a summary judgment, said motion was timely filed as ordered by this Court, despite Defendant's substantial difficulty in doing so only six

days after taking the parties' depositions.

6.      Additionally, it is well-settled that Middle District practices dictate dispositive motions

being filed prior to the discovery deadline:

> The judges try to resolve summary judgment motions in advance of pretrial hearings. **Neither moving the summary judgment deadline to the cutoff of discovery nor cutting off discovery at the earlier summary judgment deadline would be appropriate.** Any attorney viewing a case as one appropriate for summary judgment should schedule discovery to allow the deadline to be met.  Setting the dispositve motion deadline prior to the end of the discovery also recognizes the realities of litigation.  Often factual issues which should be developed for trial are not necessary for resolution of summary judgment issues.   If summary Judgment is denied, a discovery cut-off after the time for filing dispositive motions allows discovery to proceed without the necessity of a motion to reopen discovery.  The court encourages lawyers to conduct discovery in a manner constitute with "just, speedy and inexpensive" procedures.

*United States Middle District of Alabama Website, Attorney FAQ* (<u>citing</u> Fed.R.Civ.P 1)(Emphasis added).

7.      Irrespective of the six-day delay in receiving the parties' depositions or Plaintiff's

inability to read and sign her own deposition, Plaintiff, Plaintiff's counsel and her co-

counsel were all present for all deposition testimony from both parties, which was

taken more than three weeks prior to the discovery deadline.

8.      More importantly, as to the Plaintiff's claims that she only learned the names of

certain non-party witnesses during the Defendant's March 12, 2007 deposition,

there can be no dispute that the three persons whom Plaintiff seeks to depose have

been involved with the subject corporation for several years and that Plaintiff has

been well aware of their identities.

9.      The *Uniform Scheduling Order* is used to control the course of litigation and should

be even-handedly enforced, absent a showing of good cause.  Failure to enforce

the deadlines to which all parties are subject to would render the scheduling order, as well as the interests it seeks to protect, meaningless.  See *White v. Volvo Trucks of North America, Inc.*, 211 F.R.D. 668, 669-70 (M.D. Ala. 2002)(citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

10.     As to Plaintiff's counsel being "newly out of law school", it should be noted that she was licensed by the State of Alabama in September 2004.

11.     That being said, her co-counsel who actually took the Defendant's deposition, James E. Roberts, has been licensed by the State of Alabama since 1969.

12.     As to Plaintiff's counsel's difficulties due to her move in location and the pace of her practice, again, same is no justification for the instant motion.

13.     As stated succinctly in *Pinero Schroeder v. Federal National Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978) and cited repeatedly by courts throughout the nation, "[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences."

14.     The Middle District of Alabama stated as follows when an attorney failed to comply with a deadline in bankruptcy court:

> The only excuse which is offered for Appellant's failure to meet all deadlines is a heavy work schedule of its attorney. This is not an acceptable reason.  If a lawyer's being busy were an acceptable reason for not complying with deadlines of the court, this would mean that no one had to comply except litigants whose lawyers were not busy.  That is not a policy which this court cares to establish.
>
> ***
>
> The Eleventh Circuit has rejected a lawyer's busy schedule as excusable neglect [the standard used in bankruptcy court], and has required excusable neglect to be based upon a finding that any inadvertence was due to something

3

beyond the control of the person sought to be excused.

*YMR Fashions Corp. v. McGregor*, 173 B.R. 750, 753 (Internal citations excluded); <u>See also</u> *Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 61-62 (1st Cir. 2003)(busy schedule and confusion over filing dates by counsel is inadequate justification to establish excusable neglect).

15.    Additionally, Plaintiff's counsel has still failed to explain why this motion is made at the "eleventh-hour" as noted by this Court's April 2, 2007 Order denying Plaintiff's initial motion to extend discovery.

16.    As to Plaintiff's claim that her request to extend discovery by sixty days will not "effect [sic] the date of the trial in this matter", so that she can "adequately defend Defendant's premature Motion for Summary Judgment...[when] discovery is complete", Defendant does not believe same is accurate as granting Plaintiff's motion would extend discovery until approximately June 3, 2007.

17.    Given the pretrial date of June 15, 2007 and a trial date of July 23, 2007, Defendants do not believe the Court would have adequate opportunity to consider Defendant's timely filed Motion for Summary Judgment or any response thereto.

18.    Finally, Defendants would be prejudiced by the granting of this motion.  t is unfair for Defendants to be subject to the orders of the Court while Plaintiff is permitted to lag behind. Such failure to hold attorneys accountable to the courts in which they practice will compromise the integrity of courts and the litigation process to which all parties must abide.

Wherefore the premises having been considered, Defendants respectfully request the Court deny Plaintiff's Motion to Reconsider the Extension of Discovery Deadline.

Respectfully Submitted this 3rd day of April, 2007.

4

RICHARD M. DORSEY, as an individual, and CD&O, LLC, as a necessary party,

/s/ Clifford W. Cleveland
CLIFFORD W. CLEVELAND

OF COUNSEL:

CLEVELAND & COLLEY, P.C.
744 East Main Street
Prattville, AL 36067
(334) 365-1500 phone
(334) 365-1601 fax


## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing *Defendants' Response to Plaintiff's Motion to Reconsider the Extension of Discovery Deadline* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system which will send notification of such filing to Lindsay B. Erwin, Esquire (lindsayerwin@gmail.com) and James Edward Roberts, Esquire (attyjuris@aol.com) this the 3rd day of April, 2007.

/s/ Clifford W. Cleveland
OF COUNSEL

6