UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Donna Dorsey Davis, | ) | |
| as an individual and derivatively upon behalf | ) | |
| of I-65 Properties, Inc. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs., | ) | CIVIL ACTION NO: 2:06cv766 |
| | ) | |
| Richard M. Dorsey, as an individual, | ) | |
| and CD& O, LLC, as a necessary party, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Richard M. Dorsey, | ) | |
| Dorsey Motor Sales, Inc., | ) | |
| and TD & O, Inc., | ) | |
| | ) | |
|     Counter Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Donna Dorsey Davis, | ) | |
| | ) | |
|     Counter Defendant. | ) | |

**Counter-Defendant's Answer to Counter-Plaintiffs' Counter Claim**

Comes now the Counter-Defendant, Donna Dorsey Davis, as an individual, by and through the undersigned counsel, and files this Answer and states as grounds the following: (The numbered paragraph for the answer correlates to the numbered paragraph for the Counter claim.)

## Answer

1. Counter-Defendant admits the allegations of paragraph One.

2. Counter-Defendant admits the allegations of paragraph Two.

3. Counter-Defendant is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraph 3 of Counter-Plaintiff's Counter-Complaint and therefore demands strict proof thereof.

4. Counter-Defendant admits the allegations of paragraph Four.

5. Counter-Defendant admits the allegations of paragraph Five.

6. Counter-Defendant denies the allegations of paragraph Six and demands strict proof thereof.

7. Counter-Defendant denies the allegations of paragraph Seven and demands strict proof thereof.

8. Counter-Defendant denies the allegations of paragraph Eight and demands strict proof thereof.

9. Counter-Defendant denies the allegations of paragraph Nine and demands strict proof thereof.

10. This paragraph does not require a substantive response by the Counter-Defendant. Therefore, for purposes of clarity, the Counter-Defendant reasserts her denial of all previous denials that have been pled.

11. Counter-Defendant denies the allegations of paragraph Eleven and demands strict proof thereof. Furthermore, Counter-Defendant has no knowledge of any agreement whereby Davis promises to pay Counter-Plaintiffs the sum of $518,645.16.

12. Counter-Defendant denies the allegations of paragraph Twelve and demands strict proof thereof.

13. This paragraph does not require a substantive response by the Counter-Defendant. Therefore, for purposes of clarity, the Counter-Defendant reasserts her denial of all previous denials that have been pled.

14. Counter-Defendant denies the allegations of paragraph Fourteen and demands strict proof thereof.

15. This paragraph does not require a substantive response by the Counter-Defendant. Therefore, for purposes of clarity, the Counter-Defendant reasserts her denial of all previous denials that have been pled.

16. Counter-Defendant denies the allegations of paragraph Sixteen and demands strict proof thereof.

17. This paragraph does not require a substantive response by the Counter-Defendant. Therefore, for purposes of clarity, the Counter-Defendant reasserts her denial of all previous denials that have been pled.

18. Counter-Defendant denies the allegations of paragraph Eighteen and demands strict proof thereof.

19. This paragraph does not require a substantive response by the Counter-Defendant. Therefore, for purposes of clarity, the Counter-Defendant reasserts her denial of all previous denials that have been pled.

20. Counter-Defendant denies the allegations of paragraph Twenty and demands strict proof thereof.

21. Counter-Defendant denies the allegations of paragraph Twenty-one and demands strict proof thereof.

22. This paragraph does not require a substantive response by the Counter-Defendant. Therefore, for purposes of clarity, the Counter-Defendant reasserts her denial of all previous denials that have been pled.

23. Counter-Defendant denies the allegations of paragraph Twenty-three and demands strict proof thereof.

24. Counter-Defendant denies the allegations of paragraph Twenty-four and demands strict proof thereof.

For further answer, the Counter-Defendant would additionally plead as follows:

25. The Counter-Plaintiff's Counter-claim is due to be dismissed under Ala. Code § 7-3-118(b): "If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of 10 years." (1975).

 RESPECTFULLY SUBMITTED,

 By: _s/Lindsay B. Erwin_____
 Lindsay B. Erwin (ERW005)
 ASB-5299-y59e

Meacham, Earley & Fowler, P.C.
5704 Veterans Parkway
Columbus, GA  31904
(706) 576-4064

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 6th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have served a copy of same electronically and placing a copy of same in the Unites States Mail, postage prepaid and properly addressed to:

| | |
|---|---|
| Clifford W. Cleveland | James E. Roberts |
| Post Office Box 680689 | 4908 Cahaba River Road, Suite 204 |
| Prattville, Alabama 36068 | Birmingham, Alabama  35243 |

              __s/Lindsay B. Erwin_____
              Of Counsel