**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| DONNA DORSEY DAVIS, | : | |
| as an individual and derivatively upon | : | |
| behalf of I-65 Properties, Inc., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | **Case No. 2:06-cv-766-MHT** |
| | : | |
| RICHARD M. DORSEY, as an individual | : | |
| and CD&O, LLC, as a necessary party, | : | |
| | : | |
| **Defendants.** | : | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**[1]

COME NOW Richard M. Dorsey and CD&O, LLC, Defendants in the above-styled cause, and submits this *Brief in Support of Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment*.

**I.    FACTS**

On November 2, 2006, this Court entered the *Uniform Scheduling Order* which set various deadlines to which the parties are subject during the course of this litigation.  This Order was entered following the filing of the Parties' Rule 26(f) Planning Meeting.

The Order stated in pertinent part as follows:

> Please read this order carefully.  These deadlines and responsibilities may not be changed without leave of the court.  **All parties are expected to comply with each and every provision of this order in a timely manner**, and extensions will be granted in only extraordinary and unforeseeable circumstances.

*    *    *

---

[1]By orders dated April 11, 2007, this Court ordered Defendants to file any opposition to *Plaintiff's Motion for Summary Judgment* and ordered briefs to be filed on the instant motion. Simultaneous with this filing, Defendants have filed their opposition brief.  By doing so, Defendants do not intend to waive the motion to strike, but had no other method of complying with the Court's two orders.

> Section 2.  **Any dispositive motions**, i.e., motions to dismiss or motions for summary judgment, **shall be filed no later than NINETY (90) DAYS prior to the pretrial hearing**.  A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference will result in the evidence not being considered by the court.

(Emphasis added).

Defendants timely filed their *Motion for Summary Judgment* on March 19, 2007.  Plaintiff did not file any dispositive motion on or before March 19, 2007.  On March 22, 2007, this Court ordered any brief and evidentiary materials in opposition to *Defendants' Motion for Summary Judgment* be filed no later that April 10, 2007.

On April 10, 2007, Plaintiff filed not only an opposition brief (absent any evidentiary materials)[2] to the *Defendants' Motion for Summary Judgment*, but also filed her own *Motion for Summary Judgment*.[3]  On April 11, 2007, Defendants moved to strike *Plaintiff's Motion for Summary Judgment* as untimely and, pursuant to this Court's order dated April 12, 2007, file this supporting brief.

## II.    ARGUMENT

In her response to Defendants' *Motion to Strike*, Plaintiff still does not provide any rational explanation for why her *Motion for Summary Judgment* was filed out of time.  She only makes reference to Defendants' *Answer* being "improperly filed" in early February 2007, appearing to

---

[2]Plaintiff's rationale for this error was that she "was unaware and **mislead** of the fact that [Defendants] failed to submit the entire deposition for the Court review".  (*Plaintiff's Motion to Supplement the Record* ¶3)(Emphasis added).  Defendants certainly did not intend to mislead Plaintiff, but rather filed all **relevant** evidence for the Court's review.  Inasmuch as the entire deposition is not relevant, same was not filed.

[3]Plaintiff did not seek leave to file a dispositive motion out of time.

suggest that she was therefore delayed in conducting discovery.[4] (*Plaintiff's Response to Defendants' Motion to Strike* ¶8). On the contrary, the filing of the *Answer* or any delay thereof could not have prevented Plaintiff from conducting discovery pursuant to the *Uniform Scheduling Order* which has been entered since November 2006.

Absent any credible explanation, Defendants may only assume that her failure to comply with this Court's *Uniform Scheduling Order* was a result of Plaintiff's previously made assertion that summary judgment was not ripe for submission or consideration (*Plaintiff's Motion to Extend Discovery Deadline* ¶5; *Plaintiff's Motion to Reconsider the Extension of Discovery Deadline* ¶11), was caused by the usual rigors of the practice of law (*Plaintiff's Motion to Reconsider the Extension of Discovery Deadline* ¶12) or both.

To the extent that Plaintiff asserts that this matter was not ripe for summary judgment, as previously noted in another filing on this issue, dispositive motions were not only ripe, but due pursuant to the rules of this district and the *Uniform Scheduling Order*. (*Defendants' Response to Plaintiff's Motion to Reconsider the Extension of Discovery Deadline* ¶¶4-6). Plaintiff's wish to have more time to conduct discovery before submitting dispositive motions is understandable as is Plaintiff's discomfort with having to file a dispositive motion a mere six days after the completion of the parties' depositions. However, it should be noted that Defendants were under the same constraints, particularly as it related to the extremely limited time between the taking of the depositions and the deadline for dispositive motions. Defendants submitted a fifty-two page brief, with complete evidentiary support, addressing all of its issues, six days after the depositions were taken. This time does not take into account how long it took to receive the depositions from the court reporter. The task was arduous to say the least. Nevertheless, being well aware of the above-quoted sections of the *Uniform Scheduling Order*, Defendants felt they had no choice but to move

---

[4]Plaintiff did not make any motion related to any delay in Defendants' *Answer* being filed.

3

forward with the dispositive motions or waive their opportunity to do so.  Because Plaintiff may have

chosen differently, she should not be rewarded by being permitted to move for summary judgment

now.

Alternatively, to the extent that Plaintiff's counsel asserts that she was too busy with her

previously mentioned relocation or her case load to comply with the orders of this Court, again,

such is not justification for her failure. First of all, Plaintiff's delay in submission was not one of a

few hours, a day or even two days.  It was apparently not the result of crashed computer or a slight

miscalculation on the calendar.  Plaintiff attempted to file dispositive motions some three weeks

after the dispositive motion deadline.[5]  This constitutes more than simply running out of time. This

is a disregard of the order to which we are all subject.

The undersigned is well aware of the difficult and busy life of a practicing attorney with its

multiple and competing deadlines and strict requirements.  That being said, as stated succinctly

in *Pinero Schroeder v. Federal National Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978) and

cited repeatedly by courts throughout the nation, "[m]ost attorneys are busy most of the time and

they must organize their work so as to be able to meet the time requirements of matters they are

handling or suffer the consequences." The Middle District of Alabama stated as follows when an

attorney failed to comply with a deadline in bankruptcy court:

> The only excuse which is offered for Appellant's failure to meet all
> deadlines is a heavy work schedule of its attorney.  This is not an
> acceptable reason.  If a lawyer's being busy were an acceptable
> reason for not complying with deadlines of the court, this would
> mean that no one had to comply except litigants whose lawyers were
> not busy.  That is not a policy which this court cares to establish.

---

[5]Plaintiff simultaneously filed a dispositive motion and an opposition brief, purportedly
pursuant to this Court's Order dated March 22, 2007, and purportedly "in the alternative" to her to
her opposition brief. (*Plaintiff's Response to Defendants' Motion to Strike* ¶5).  To the extent
Plaintiff asserts that her dispositive motion was filed pursuant to that Order, such would be
disingenuous as best.  The order clearly indicates that the anticipated filing is an **opposition brief**
to *Defendants' Motion for Summary Judgment*, not a new deadline for new dispositive motions.

*** 

> The Eleventh Circuit has rejected a lawyer's busy schedule as excusable neglect [the standard used in bankruptcy court], and has required excusable neglect to be based upon a finding that any inadvertence was due to something beyond the control of the person sought to be excused.

*YMR Fashions Corp. v. McGregor*, 173 B.R. 750, 753 (Internal citations excluded); <u>See also</u> *Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 61-62 (1st Cir. 2003)(busy schedule and confusion over filing dates by counsel is inadequate justification to establish excusable neglect).

The *Uniform Scheduling Order* is used to control the course of litigation and should be even-handedly enforced, absent a showing of good cause. Failure to enforce the deadlines to which all parties are subject would render the order, as well as the interests it seeks to protect, meaningless. <u>See</u> *White v. Volvo Trucks of North America, Inc.*, 211 F.R.D. 668, 669-70 (M.D. Ala. 2002)(<u>citing</u> *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

As in this case, "[t]here is no ambiguity about the Court's Scheduling order, it clearly spells out what must be [filed] and the dates by which these [filings] must take place." <u>Quoting</u> *Robinson v. Ford Motor Co.*, 967 F.Supp. 482, 487 (M.D.Ala. 1997). As it was incumbent upon Defendants to timely and adequately comply with the *Uniform Scheduling Order*, no matter its difficulty, so should it be incumbent upon Plaintiff. It is unfair for Defendants to be subject to that order while Plaintiff is permitted to lag behind with no consequence. Such failure to hold attorneys accountable to the courts in which they practice will compromise the integrity of the courts and the litigation process to which all parties must abide.

Plaintiff does offer that Defendants would suffer no prejudice by permitting the late filing of her *Motion for Summary Judgment*. (*Plaintiff's Response* ¶¶7, 8). On the contrary, both Defendants and the Court have and will suffer prejudice as a result of Plaintiff's disregard of the Court's order. Aside from the obvious strategic considerations, Defendants had to expend unanticipated resources to respond to this late motion. Additionally, whether or not the parties can be "prepared to move forward" for the remainder of the deadlines and dates is only half the

question.  Defendants are aware that the Court needs sufficient time between the submission date for motions and the date set for trial to rule on dispositive motions.  This ability clearly has a direct impact on the Defendants preparing for trial.

That being said, it should be noted that courts in this district have stricken late filing absent prejudice to the non-offending party.  The *White* Court disallowed a late filing, even though the moving party would not suffer prejudice by permitting the submission.  As noted by the *White* Court, "[i]f this court were to allow such late [filing] under the facts in this case, it would be most difficult for the court to insist on compliance with deadlines set in its many other cases."  *White*, <u>supra</u>, 211 F.R.D. at 669.

Irrespective of what justification Plaintiff does or does not offer, Defendants are not asking for some cruel or unusual punishment be brought to bear upon Plaintiff.  On the contrary, Defendants seek only to be subject to the same rules as Plaintiff.  There is no question that those rules are contained squarely within the orders of this Court, and specifically, the *Uniform Scheduling Order*.  Unfortunately, where error occurs without justifiable excuse, the cost of that mistake should be borne by the party making the mistake.  Otherwise, the benefit of having orders is lost.

## III.    CONCLUSION

Wherefore the premises having been considered, Defendants respectfully request the Court to strike *Plaintiff's Motion for Summary Judgment* as untimely.

Respectfully Submitted this 27th day of April, 2007.

RICHARD M. DORSEY, as an individual, and
CD&O, LLC, as a necessary party,

/s/ Clifford W. Cleveland
CLIFFORD W. CLEVELAND

OF COUNSEL:

*CLEVELAND & COLLEY, P.C.*
744 East Main Street
Prattville, AL 36067
(334) 365-1500 phone
(334) 365-1601 fax


## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing *Brief in Support of Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system which will send notification of such filing to Lindsay B. Erwin, Esquire (lindsayerwin@gmail.com) and James Edward Roberts, Esquire (attyjuris@aol.com) this the 27th day of April, 2007.


/s/ Clifford W. Cleveland
OF COUNSEL