## IN THE DISTRICT COURT OF THE UNITED STATES
## MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **DONNA DORSEY DAVIS, et al.** ) | |
|       **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO:** |
| ) | **2:06CV766-MHT** |
| **RICHARD M. DORSEY,** ) | |
| **and CD&O, LLC, et al.,** ) | |
|       **Defendants.** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **RICHARD M. DORSEY,** ) | |
| **DORSEY MOTOR SALES, INC.,** ) | |
| **and TD & O, INC.,** ) | |
| ) | |
|       **Counter Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DONNA DORSEY DAVIS,** ) | |
| ) | |
|       **Counter Defendant.** ) | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on June 15, 2007, wherein the following proceedings were held and actions taken:

    1.    <u>PARTIES AND TRIAL COUNSEL</u>:

        Plaintiff/Counter Defendant:  Donna Dorsey Davis, individually and derivatively upon behalf of I-65 Properties, Inc.

        Counsel for Plaintiff:        Lindsay B. Erwin      James E. Roberts
                                                  5407 Veterans Parkway  P.O. Box 430224
                                                  Columbus, GA 31904     Birmingham, AL 35243

        Defendant/ Counter Plaintiff:  Richard M. Dorsey, CD & O, LLC., Dorsey Motor Sales, Inc., and TD & O, Inc.

      Counsel for Defendant:    Cliff Cleveland
                                          744 East Main Street
                                          Prattville, Alabama 36067

<u>COUNSEL APPEARING AT PRETRIAL HEARING</u>:

Same as trial counsel

2.     <u>JURISDICTION AND VENUE</u>:

The parties agree that the Plaintiff is a resident of the state of South Carolina, and the Defendant's are residents or business entities with their resident or principal place of business located in Autauga or Elmore County, Alabama.

3.     <u>PLEADINGS</u>:

<u>The following pleadings and amendments were allowed</u>:

Complaint

Answer

Counter-Claim

4.     <u>CONTENTIONS OF THE PARTIES</u>:

     (a)     The Plaintiff:

The Plaintiff and the Defendant, who are brother and sister, are the sole stockholders of I-65 Properties, Inc. Plaintiff Davis owns 30% and the Defendant Dorsey owns 70% of such stock. The only asset of I-65 Properties, Inc. is approximately 9.606 acres of land located at the intersection of Exit 179 on Highway 65 and Cobbs Ford Road in Elmore County, Alabama. The property was "sold" by Dorsey Motor Sales (at a time when Defendant Dorsey's Mother and Father were majority stockholders) to I-65 Properties, Inc.

as a defensive maneuver at a time when a lawsuit had been filed against Dorsey Motor Sales. Other than very minor expenses such as cleaning of the property, payment of income taxes, etc., there has been no activity in this corporation for the past seventeen years other than the corporation holding title to the subject property.

Defendant repeatedly failed to offer I-65 Properties, Inc. any business opportunities by either personally or in a corporation controlled by him and/or his attorney Cliff Cleveland, purchasing contiguous properties to the east and south of the subject, thus virtually surrounding the sole corporate asset with his and other associates land holdings. Defendant failed to give Plaintiff notice and give the corporation the opportunity to buy the contiguous or adjacent properties. I-65 Properties, Inc. had an option to purchase some of the contiguous lands and instead of notifying the minority stockholder of such option, Defendant used the option to benefit himself. Defendant formed another corporation ("CD&O"), and transferred I-65's option on the four tracts of surrounding land. Defendant engaged in a series of conflicting interest transactions and further attempted a squeeze out of the Plaintiff's minority interest. An example of Defendant's malfeasance was leasing a billboard sign on the property of I-65 Properties, Inc., to his seven year old son's corporation, who then in turn leased the same sign to Lamar advertising for $5,400.00 a year. The profit that I-65 Properties, Inc. received was a measly $600.00. The Defendant breached his fiduciary duty to his sister the only other stockholder of I-65 Properties, Inc. Defendant was negligent and wanton with his actions of management of I-65 Properties, Inc.

After a 2005 meeting, Defendant informed Plaintiff she owed Five Hundred

Thousand Dollars for a time barred promissory note executed by I-65 Properties, Inc. to another of his corporations, Dorsey Motor Sales, Inc. This assertion left Plaintiff in a state of shock, scared, and petrified. Not withstanding the note is barred by the applicable statute of limitations as provided by Ala. Code § 7-3-118, the Defendant intentionally misrepresented that his sister, the Plaintiff was personally liable on the corporate debt, the purpose being to squeeze her out. No demand was made for payment of the promissory note, and there was no principle or interest paid on the note. The interest on which continues to accrue to date.

  (b)  The Defendant(s):

  I-65 Properties was incorporated in 1990 and was formed for the purpose of acquiring property which was owned by Dorsey Motor Sales, Inc. Dorsey Motor Sales, Inc. was the Chrysler, Plymouth and Dodge franchisee holder in Prattville, Alabama with Richard M. Dorsey being the General Manager. The stockholders of Dorsey Motor Sales, Inc. were Richard M. Dorsey and his father and mother. At no time did Donna Davis, who is the sister of Richard M. Dorsey, own any stock of Dorsey Motor Sales, Inc. During this period numerous lawsuits were being filed against automobile dealers across the country alleging various issues and in an effort to protect and insulate assets of Dorsey Motor Sales, Inc. the property, which is now known as I-65 Properties, Inc., was sold to this new entity. A condition of this transfer was that I-65 Properties, Inc. would assume the indebtedness on the property and pay to the dealership certain sums to represent its fair market value. The sales price, interest rate and other matters relating to the sale were all reviewed and agreed upon by the stockholders of Dorsey Motor Sales, Inc.

  Over the life of the ownership of this property by I-65 Properties, Inc., certain expenses have been incurred for the maintenance, upkeep and general business affairs of the

corporation. Taxes have been paid, insurance has been purchased, income tax returns have been filed among other things with Richard M. Dorsey individually or an entity over which he had primary control carrying the total financial burden. Donna Davis was well aware of these expenses and was so informed of the expenses, including the promissory note and the interest due on that note, in conversation with family members and by Richard M. Dorsey. However, at no time has she offered or made any contribution toward any expense incurred or paid.

Richard M. Dorsey does own, individually or through some other entity, property in the vicinity of the I-65 property. However, he does not own, nor has he ever owned, any property with Clifford Cleveland which is contiguous to the I-65 property. Furthermore, Richard M. Dorsey's son owns no corporation or has any interest in any corporation which has conducted business with I-65 Property, Inc.

The Plaintiffs continue to contend and allege that the note held by Dorsey Motor Sales is barred by the statute of limitations for failure to demand payment. What they fail to acknowledge or recognize is that the note itself contains language which "waives demand, presentment, protest, notice of protest, suit and all other requirements necessary to hold them or any of them, and they severally agree that time of payment may be extended or a renewal note taken or other indulgence granted without notice of, or consent to, such action, without release of liability of any such party." This language is within the body of the note and where such terms are contained within the instrument, the terms are binding. Furthermore, the Plaintiff fails to recognize that there are other damages owed by her that are outside the promissory note.

While Davis acknowledges her 30% ownership in I-65 Properties, she denies any knowledge of the organization of I-65 Properties, and she further denies any participation in the

corporation. This denial is rebutted by her signature on the bylaws for I-65 Properties, and further that she was named originally Vice President of I-65 Properties and has continued to hold that office. While she has no recollection of receiving financial information in the early years of the corporation's existence, she also has no knowledge of ever requesting or inquiring relative to the financial affairs of the corporation. Dorsey, individually or through companies with which he was involved, did buy additional property in the vicinity of the I-65 Property that was on the market for sale to the general public. When Davis was questioned concerning her failure to explore independently the purchase of property for sale in the area, she replied that she lacked the financial resources to pursue such a purchase. Contrary to the allegations in the Complaint, Dorsey did not initiate the offer to acquire Davis's interest in the corporation, but to the contrary, it was Davis who contacted Dorsey and made the offer to him and then retracted the offer some three or four days later. Dorsey denies that he has operated the corporation in an oppressive manner; he denies violation of fiduciary duties to Davis; he denies that he has refused to provide her with documents or access to documents; he denies that he has refused her meaningful participation in the management of the corporate affairs; he denies that he has hurt I-65 by purchasing surrounding properties and he denies that he has acted wrongly toward I-65 Properties, Inc. He further denies that he has willfully miscommunicated the timing of meetings; he denies that he has attempted to squeeze her out by offering to buy her stock, as previously discussed, and he denies that he has used the resources of CD&O to the detriment of I-65 Properties, Inc., and that he has not committed the time or resources to the property.

The Defendants further contend that to satisfy the jurisdictional requirements for this Court, the Plaintiff must establish that she has either federal question jurisdiction or diversity

jurisdiction. It is undisputed that there is no federal question jurisdiction, as the Plaintiff does not allege a violation of a federal law or a federal right conferred by the United States Constitution. Furthermore, there is no diversity jurisdiction in that the matter in controversy does not exceed the sum or value of $75,000.00, and be between citizens of different states. It is the burden of the Plaintiff to support her contention with proof of the reasonable probability that jurisdiction exists. The only effort made by the Plaintiff to address this issue is the bare allegation that "the amount in controversy exceeds $75,000.00 exclusive of interest in cost."

All allegations made by the Plaintiff, which sound in tort, carry a two year statute of limitations. Claims of negligence and willful and wanton conduct, fraud, oppression, squeeze- out, and conversion are all allegations which are based outside of a contractual agreement, and therefore carry a two-year statute of limitation. Moreover, even if a derivative action can be maintained, the two-year statute of limitations would apply in that the causes of action here sound in tort regardless of how Davis characterizes her claim. Davis knew that she had a 30% interest in the corporation in 1990. She knew that the Cracker Barrel and Nissan deal were unsuccessful in 1991. She knew by 1996 that her father had given Richard Dorsey his Power of Attorney in 1993, and she knew by December 1999, or at the latest, by February 2000, that a promissory note was executed for the property and there was a debt owed by I-65 Properties, and further, by that same day the interest rate on that note. In October 2003, she received tax returns for the years 1998 through 2002, and further, received an invitation to review all financial information. This reflecting Davis's knowledge outside the two-year statute.

The Defendants further contend that Davis's individual claims fail in that a claim in the nature of the derivative suit must be brought in the name of the corporation if the claim for

damages is based upon Plaintiff's status as a shareholder. A minority shareholder cannot parlay a wrong committed primarily against the corporation which gives rise to a derivative claim only into a personal recovery of damages under a squeeze-out theory. Undisputedly Davis here is making her claims based upon her 30% interest in I-65 Properties. Davis's Complaint does not reflect the appropriate nature of the Rule 23.1 suit, and as such is to be dismissed. She further fails to meet the necessary elements to maintain a Rule 23.1 shareholder derivative suit in that there was no pre-suit demand, and she has not pled with particularity why a demand was not made. The bare allegation that a majority of the directors are wrongdoers is insufficient to support the failure of pre-suit demand. She further is seeking money damages, both punitive and compensatory. A shareholder is to receive no direct benefit from a derivative suit and is not entitled to recover damages in such an action. The claims are asserted on behalf of the corporation and therefore the corporation is entitled to recover any damages that may be proven, and as such, all claims for money damages, whether punitive or compensatory, are improper and due to be dismissed. She further cannot and has not shown that she can fairly and accurately represent the interest of the other shareholders or members as required by Fed. R. Civ. P. 23.1.

There has been no breach of a fiduciary duty to I-65 Properties committed by Dorsey, and further, there has been a total lack of any showing that the corporation suffered any actual injury as a result of Dorsey's conduct. There is no prohibition against Dorsey acquiring property outside of I-65 Properties, Inc., nor has there been any showing that Davis was not allowed access to information, was not allowed to participate in any manner that she desired, was not allowed to present any business proposal that she felt was meritorious, or that she made any effort to obtain financing for the corporate debt after she disagreed with the interest rate that was established. To

the contrary, a conventional lender would have required payments in a timely manner, which Dorsey Motor Sales did not require, to her benefit rather than her detriment.

Davis has failed to support her claims for oppression and squeeze-out in that she has not demonstrated that she has been deprived any rights that she would have as a stockholder. It appears that the basis for her claim was that Dorsey owned 70% of the stock and she owns 30% of the stock. That has always been the ownership ratio and historically the majority does control the actions of a corporation. Such conduct has been held by the Courts as the majority exercising business judgment and causes of action based upon the exercise of business judgment by the majority are due to be dismissed.

All claims against CD&O fail in that Davis concedes that she has no interest in CD&O. There is no cause of action stated against CD&O and no request for relief made against CD&O. Without question, CD&O owed her no duty and therefore, there can be no breach of that duty.

    5.    <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

        (a)    The parties stipulate ownership of stock is owned 30% by the Plaintiff and 70% by Defendant.

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last two (2) days, are set for July 23, 2007, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104;**

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(4) Trial briefs are required to be filed by July 13, 2007;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 13) entered by the court on November 2, 2006;

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be

binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 18th day of June, 2007.


           /s/ Myron H. Thompson
           **UNITED STATES DISTRICT JUDGE**