IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA DORSEY DAVIS, : <br> as an individual and derivatively upon : <br> behalf of I-65 Properties, Inc., : <br>   : <br> Plaintiff, : <br>   : <br> vs. : <br>   : <br> RICHARD M. DORSEY, as an individual : <br> and CD&O, LLC, as a necessary party, : <br>   : <br> Defendants. : | Case No. 2:06-cv-766-MHT |

### DEFENDANT'S OBJECTION TO
### PLAINTIFF'S MOTION TO JOIN DORSEY MOTOR SALES, INC.
### AS A NECESSARY PARTY

COMES NOW Richard M. Dorsey, Defendant in the above-styled cause, and submits this *Objection to Plaintiff's Motion to Join Dorsey Motor Sales, Inc. as a Necessary Party*. In support of said objection, Defendant states as follows:

1.  This action was filed by Plaintiff on August 25, 2006.

2.  Following the Parties' Rule 26(f) Planning Meeting, this Court entered the *Uniform Scheduling Order* which set various deadlines to which the parties are subject during the course of this litigation.

3.  The November 2, 2006 Order stated in pertinent part as follows:

    > Please read this order carefully. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary and unforeseeable circumstances.
    >
    > * * *
    >
    > Section 4. Any motions to amend the pleadings and to add parties shall be filed on or before February 8, 2007.

4. Following discovery in this matter, the Defendant moved for summary judgment, and with Plaintiff's response thereto, same is pending before this Honorable Court for adjudication.

5. The pretrial of this matter was held on June 15, 2007 and the trial of this matter is set for July 23, 2007.

6. On June 19, 2007, Plaintiff filed a motion seeking to add Dorsey Motor Sales, Inc. as a necessary party-Defendant to this matter.

7. Pursuant to this Court's order dated June 19, 2007, this objection follows.

8. When considering a party's motion to amend his complaint after the entry of a scheduling order, the Eleventh Circuit has adopted the "good cause" standard set out in *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998):

> [W]here a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted.

Id. at 1419 n.2.

> This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension."...("If [a] party was not diligent, the [good cause] inquiry should end.")

Id. at 1418. (Internal citations omitted)(cited with approval by *Wallace v. UAW Local 1639*, 2007 WL 1793587)(S.D.Ala. June 18, 2007); *Smith v. School Bd. of Orange County*, 2007 WL 1583873 (11th Cir. 2004); *Nobles v. Rural Community Ins. Services*, 303 F.Supp.2d 1279 (M.D.Ala. 2004); *Duvall Chemicals, Inc. v. Osterman & Co.*, 2007 WL 778554 (11th Cir. 2007); *Saewitz v. Lexington Ins. Co.*, 133 Fed.Appx. 695 (11th Cir. 2005); *Alexander v. AOL Time Warner*, 132 Fed.Appx. 267 (11th Cir. 2005); *Maynard v. Bd. of Regents*, 342 F.3d 1281 (11th Cir. 2003).

9. Plaintiff's late motion to add Dorsey Motor Sales, Inc. as a Defendant – made more than four months after the deadline set for such an attempt, four days after pretrial

      and one month before trial – is violative of Section 4 of this Court's Scheduling Order.

10. Accordingly, Plaintiff must demonstrate good cause why this amendment should be allowed.

11. There can be no dispute that Plaintiff was aware of the identity and connection of Dorsey Motor Sales to this action at the time this action was filed, and therefore, Plaintiff has no excuse for why Dorsey Motor Sales was not made a defendant in a timely manner.

12. Additionally, Plaintiff has not offered any justification or excuse for her failure to timely seek this amendment before now.

13. Absent Plaintiff's ability or even attempt to demonstrate good cause for her more than four month delay in seeking to add Dorsey Motor Sales as a defendant, Plaintiff's Motion is due to be denied.

14. Lastly, it would be highly prejudicial to force Dorsey Motor Sales to become a Defendant in this matter a mere one month before the trial date and after the conclusion of discovery and the submission of dispositive motions.

Wherefore the premises having been considered, Defendants respectfully request the Court to deny *Plaintiff's Motion to Add Dorsey Motor Sales as Necessary Party* as untimely.

Respectfully Submitted this 25th day of June, 2007.

                                      RICHARD M. DORSEY, as an individual, and CD&O, LLC, as a necessary party,

                                      /s/ Clifford W. Cleveland
                                      CLIFFORD W. CLEVELAND

OF COUNSEL:

*CLEVELAND & COLLEY, P.C.*
744 East Main Street
Prattville, AL 36067
(334) 365-1500 phone
(334) 365-1601 fax

**CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically filed the foregoing *Objection to Plaintiff's Motion to Add Dorsey Motor Sales as Necessary Party* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system which will send notification of such filing to Lindsay B. Erwin, Esquire (lindsayerwin@gmail.com) and James Edward Roberts, Esquire (attyjuris@aol.com) this the 25th day of June, 2007.

          /s/ Clifford W. Cleveland
          OF COUNSEL