IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DONNA DORSEY DAVIS, <br> as an individual and derivatively upon behalf of <br> I-65 Properties, Inc., <br>       Plaintiff, <br> v. <br> RICHARD M. DORSEY, <br> as an individual, <br>       Defendants. | Civil Action No.: 2:06cv766-MHT |

**PLAINTIFF'S ARGUMENT IN SUPPORT OF MOTION TO JOIN DORSEY MOTOR SALES, INC. AS A NECESSARY PARTY**

COMES NOW, the Plaintiff, Donna Dorsey Davis, by and through her counsel of record and does show unto this Honorable Court the following:

1. Although Defendant would continue to argue as to deadlines and time restraints, Defendant untimely filed an Answer and Counter-claim (which violated Rule 11 of the Fed. R. Civ. P.) to Plaintiff's August 25, 2006 Complaint on February 8, 2007, the last day in which Plaintiff had to join a party.

2. Dorsey Motor Sales, Inc. voluntarily submitted itself to the jurisdiction of this Court as a Counter-Plaintiff. Counter-Plaintiff voluntarily dismissed the Counter-claim as it was improperly filed against Davis individually. Plaintiff now seeks, on behalf of I-65 Properties, Inc., to join Dorsey Motor Sales, Inc. as a party Defendant to address those issues and relief requested in the Counter-complaint so as to prevent future litigation.

3. The sole purpose and good cause for adding Dorsey Motor Sales, Inc. as a Defendant is to resolve one issue and one issue only: to determine whether the note that has been accruing since 1990 is either valid or barred by the statute of limitations (**Ala Code § 7-3-118 (1975))**. If it is deemed to be valid, then the corporation would be virtually, if not, insolvent.

4. For further good cause, and in the interest of justice and judicial economy, the Plaintiff has continued to demonstrate to this Court that allowing Dorsey Motor Sales, Inc. to be included as a party Defendant would expedite the settlement of this case and the resolution of the business relations between a brother and a sister.

     5.    Furthermore, Dorsey Motor Sales, Inc. voluntarily came into this action, and was more than willing to do so as a Plaintiff on February 8, 2007 (the last day in which it could be added by the Plaintiff). However, when it comes to being a defendant and resolving the same issues that was addressed in the Counter-Complaint, counsel for Dorsey Motor Sales, Inc. believes defending such would be prejudicial. There is no prejudice when all arguments regarding the note and participation of Dorsey Motor Sales, Inc. have been discussed and briefed to the Court extensively over the course of this litigation because of Plaintiff's requirement to defend the frivolous claim.

     WHEREFORE, THE ABOVE PREMISES CONSIDERED, the Plaintiff respectfully request pursuant to Rule 19 of the Federal Rules of Civil Procedure for an order directing that said Dorsey Motor Sales, Inc. be joined in this action as a party defendant.

     Respectfully submitted,

//s// Lindsay B. Erwin
Lindsay B. Erwin, Esq.
ASB-5299-Y59E
Attorney for Plaintiff/Counter-Defendant

Meacham, Earley & Fowler, P.C.
5704 Veterans Parkway
Columbus, GA 31904
(706) 576-4064

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using electronic filing system which will send information of such filing to the following:

Clifford W. Cleveland
Cleveland & Colley, P.C.
P.O. Box 680689
Prattville, AL 36068

James E. Roberts, Esquire
4908 Cahaba River Road, Ste 204
Birmingham, AL 35243

                                              //s// Lindsay B. Erwin
                                              OF COUNSEL