UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Donna Dorsey Davis, as an individual and derivatively upon behalf of I-65 Properties, Inc. | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO: 2:06cv766 ) |
| Richard M. Dorsey, as an individual, | ) |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW DONNA DORSEY DAVIS, by and through her counsel, and submits the following proposed jury instructions for consideration by this Honorable Court.

Respectfully submitted, this _____9th_____ day of July, 2007.


_//s// Lindsay B. Erwin_
Lindsay B. Erwin
ERW005
Attorney for Plaintiff


Meacham, Earley & Fowler, P.C.
5704 Veterans Parkway
Columbus, Georgia 31904
(706) 576-4064

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Donna Dorsey Davis, | ) | |
| as an individual and derivatively upon behalf | ) | |
| of I-65 Properties, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO:  2:06cv766 |
| | ) | |
| Richard M. Dorsey, as an individual, | ) | |

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**<u>Consideration of the Evidence</u>**
**<u>Duty to follow Instructions</u>**
**<u>Corporate Party Involved</u>**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only evidence---that is, the testimony of the witnesses and the exhibits I have admitted in the record---but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual acknowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I

may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

11th Circuit Pattern Jury Instruction, Basic Instructions 2.2

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Donna Dorsey Davis,<br>as an individual and derivatively upon behalf<br>of I-65 Properties, Inc.<br><br>        Plaintiff,<br><br>vs.<br><br>Richard M. Dorsey, as an individual, | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO:  2:06cv766<br>)<br>) |

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**


**<u>Credibility of Witnesses</u>**

        Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

        In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Donna Dorsey Davis, ) | |
| as an individual and derivatively upon behalf ) | |
| of I-65 Properties, Inc. ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO: 2:06cv766 |
| ) | |
| Richard M. Dorsey, as an individual, ) | |

### PLAINTIFF'S PROPOSED JURY CHARGE NO. _____

### PRELIMINARY INSTRUCTION TO TRIAL JURY

Ladies and Gentlemen of the jury, before proceeding with the trial of this case, it will be helpful to you and to the Court that you understand the rules of procedure that will be followed by you and by the court in this case. This is a civil case. The procedure for the trial of this case as in all civil cases of this character will be as follows:

Source: APJI 1.01

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                          )
as an individual and derivatively upon behalf )
of I-65 Properties, Inc.                      )
                                             )
        Plaintiff,                            )
                                             )
vs.                                          )  CIVIL ACTION NO:  2:06cv766
                                             )
Richard M. Dorsey, as an individual,          )


**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**OPENING STATEMENTS OF COUNSEL**

Counsel for the Plaintiff will make an opening statement of their case.  Counsel for the Defendant will then make their opening statement outlining their defense(s).  Each side in the opening statement will be confined to an outline of the case and a statement of what they expect the evidence to show. This statement is intended to familiarize you and the Court with the case so that we will be familiar with the theories and contentions of each side from the beginning.

Source: APJI 1.02

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                            )
as an individual and derivatively upon behalf  )
of I-65 Properties, Inc.                        )
                                               )
          Plaintiff,                           )
                                               )
vs.                                            )  CIVIL ACTION NO:  2:06cv766
                                               )
Richard M. Dorsey, as an individual,           )

### PLAINTIFF'S PROPOSED JURY CHARGE NO. _____

### STATEMENTS OF COUNSEL AND JUDGE

An attorney is an officer of the court.  It is his duty to present evidence on behalf of his client, to make such objections as he deems proper, and to fully argue his client's cause.  An attorney's statements and arguments are intended to help you understand the evidence and apply the law.  However, they are not evidence, and you should disregard any remark, statement, or argument which is not supported by the evidence or by the law as given to you by the court.

Likewise, statements made by the Court are not evidence and are not to be so considered by you.

Source: APJI 1.03

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                              )
as an individual and derivatively upon behalf    )
of I-65 Properties, Inc.                          )
                                                 )
        Plaintiff,                               )
                                                 )
vs.                                              )   CIVIL ACTION NO:  2:06cv766
                                                 )
Richard M. Dorsey, as an individual,             )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**TAKING EVIDENCE**

      Following the opening statements by counsel, witnesses will first be called by the plaintiff to testify.  After the plaintiff has presented witnesses, the defendant will then be permitted to call witnesses to testify.  All witnesses will be sworn and will testify under oath.  Their testimony will be evidence.  There may be exhibits offered which, if received by the Court, will also be evidence.  It will be upon all of this evidence that you will arrive at your final verdict.

      Source: APJI 1.04

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,     )
as an individual and derivatively upon behalf )
of I-65 Properties, Inc.     )
           )
   Plaintiff,     )
           )
vs.          ) CIVIL ACTION NO:  2:06cv766
           )
Richard M. Dorsey, as an individual,  )

## PLAINTIFF'S PROPOSED JURY CHARGE NO. _____

## DUTY OF THE JUDGE AND JURY

   When a judge and a jury sit together as a Court of law it is the duty of the Judge to see that the trial progresses in an orderly fashion; to rule upon all legal matters that are presented; to define the issues involved and instruct the jury as to the law applicable to the particular case.  It will be your duty as jurors to follow the law as so stated to you by the judge.  You will therefore render a verdict in accordance with the facts as you determine them from the evidence and the law as given to you by the Court.

   Source: APJI 1.05

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                              )
as an individual and derivatively upon behalf    )
of I-65 Properties, Inc.                          )
                                                 )
      Plaintiff,                             )
                                                 )
vs.                                              )  CIVIL ACTION NO:  2:06cv766
                                                 )
Richard M. Dorsey, as an individual,             )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**JURY AS JUDGE OF FACTS**

     You will be the sole and exclusive judges of the facts.  It will be your duty to attempt to reconcile the testimony of all the witnesses so as to make them all speak the truth, if this can be done reasonably.  If you cannot reasonably reconcile all of the testimony, it is then your duty to consider the testimony with the view of determining what the true facts are.  In so doing, you may accept or reject any part of the testimony of any witness, and accept only the testimony you consider worthy of belief.

     Source: APJI 1.06

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                              )
as an individual and derivatively upon behalf    )
of I-65 Properties, Inc.                          )
                                                 )
        Plaintiff,                               )
                                                 )
vs.                                              )  CIVIL ACTION NO:  2:06cv766
                                                 )
Richard M. Dorsey, as an individual,             )

## PLAINTIFF'S PROPOSED JURY CHARGE NO. _____

## INTEREST OF WITNESSES

In determining what the true facts are from the evidence, you may take into consideration any natural interest or bias a witness may have as a result of any connection with the case.  You may take into consideration the interest or bias a witness may have shown while testifying.  You make take into consideration the demeanor of any witness, as to whether the witness has apparently testified frankly or evasively.  You may take into consideration any matter which you would in your every day affairs, in passing upon the truthfulness and accuracy of the testimony.  Weigh the testimony in light of your common observation and experience and reach a verdict that will be based upon the truth as you determine it from all the evidence.

Source: APJI 1.07

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                             )
as an individual and derivatively upon behalf   )
of I-65 Properties, Inc.                         )
                                                )
        Plaintiff,                              )
                                                )
vs.                                             ) CIVIL ACTION NO:  2:06cv766
                                                )
Richard M. Dorsey, as an individual,            )


**PLAINTIFF'S PROPOSED JURY CHARGE NO. \_\_\_\_**

**RULINGS ON EVIDENCE AND OBJECTIONS**

During this trial I will rule on objections by counsel as to the admissibility of testimony and other evidence.  It will be the privilege of counsel and his duty, to make such objections to the offer of evidence which counsel deems illegal and improper.  You must not concern yourself with the reasons for my rulings since they are controlled and required by rules of law.  You are not to speculate as to possible answers to questions which I do not require to be answered.  The overruling of objections to evidence is not intended to indicate the weight to be given such evidence by you.  Such admitted evidence will be considered along with all of the other evidence.  You are to disregard all evidence which may be excluded by the Court.

Source: APJI 1.08

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Donna Dorsey Davis, | ) | |
| as an individual and derivatively upon behalf | ) | |
| of I-65 Properties, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO:  2:06cv766 |
| | ) | |
| Richard M. Dorsey, as an individual, | ) | |

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**ORDER OF ARGUMENTS OF COUNSEL**

Following the close of the evidence in this case counsel will have the privilege of again addressing you.  This is sometimes referred to as the summation.  We refer to it as the argument of counsel.  Counsel have the right to discuss the evidence and all reasonable inferences to be drawn therefrom to help you arrive at a just and true verdict.  Counsel for the plaintiff will have the right to open the arguments.  Counsel for the defendant has the right to follow the opening argument.  Counsel for the plaintiff has the right to the closing argument.

Source: APJI 1.09

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                              )
as an individual and derivatively upon behalf    )
of I-65 Properties, Inc.                          )
                                                 )
         Plaintiff,                              )
                                                 )
vs.                                              )   CIVIL ACTION NO:  2:06cv766
                                                 )
Richard M. Dorsey, as an individual,             )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**DUTY OF JURY UPON SUBMISSION**

Following the arguments of counsel it will be the duty of the Court to state to you the applicable rules to guide you in arriving at your verdict. The case will then be submitted to you for your deliberation and verdict. Upon retiring to the jury room to consider your verdict you will elect one of your number as foreman to moderate your discussion and to sign and return the verdict arrived at by you to the court.

Source: APJI 1.10

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                                    )
as an individual and derivatively upon behalf          )
of I-65 Properties, Inc.                               )
                                                       )
          Plaintiff,                                   )
                                                       )
vs.                                                    )   CIVIL ACTION NO:  2:06cv766
                                                       )
Richard M. Dorsey, as an individual,                   )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**JURORS NOT TO DISCUSS CASE DURING TRIAL**

Until this case is submitted to you for your deliberations, you must not discuss the case with anyone nor permit anyone to discuss the case with you or in your hearing.  You are to keep an open mind and you shall neither discuss nor decide any issue in this case among yourselves until the case is submitted to you for your deliberations under the instructions of the Court.

If members of your family or friends or anyone else should ask you about the case, you should tell them that you are under the Court's instruction not to discuss it.  The attorneys, parties and witnesses are not permitted to talk to you during the trial.  Even a discussion which has no relation to the case might give a bad appearance.  If the participants in the trial fail to greet you or converse with you during this trial, it will be due to this rule.

Source: APJI 1.11

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                                )
as an individual and derivatively upon behalf      )
of I-65 Properties, Inc.                            )
                                                   )
          Plaintiff,                               )
                                                   )
vs.                                                )  CIVIL ACTION NO:  2:06cv766
                                                   )
Richard M. Dorsey, as an individual,               )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**JURY NOT TO TAKE CUE FROM JUDGE**

The judge is not permitted by law to express his opinion or comment on the effect of the evidence presented to you, or the credibility of any witness in the case; therefore, any ruling, statement or expression which may have been made by me during the course of this trial is not to be considered by you as any effort on my part to convey to you any feeling or opinion about the facts in this case, or the credibility of any witness.

Source: APJI 1.13

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                              )
as an individual and derivatively upon behalf    )
of I-65 Properties, Inc.                          )
                                                 )
         Plaintiff,                              )
                                                 )
vs.                                              )   CIVIL ACTION NO:  2:06cv766
                                                 )
Richard M. Dorsey, as an individual,            )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**JURORS SHOULD NOT MAKE ANY
INVESTIGATION OF THEIR OWN
DURING THE COURSE OF TRIAL**

No juror should attempt to make an individual investigation of the
facts or of the places testified about.  It therefore follows that you are not
authorized to gather evidence on your own account or on behalf of any of
the parties to this case.  You should not attempt to visit or examine any
object described by the witnesses or counsel unless you are instructed by
the Court to do so.

Source: APJI 1.14

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                                )
as an individual and derivatively upon behalf      )
of I-65 Properties, Inc.                            )
                                                   )
            Plaintiff,                              )
                                                   )
vs.                                                ) CIVIL ACTION NO:  2:06cv766
                                                   )
Richard M. Dorsey, as an individual,               )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**JURORS TAKING NOTES**

Ladies and gentlemen you have a legal right to take notes during the trial but the Court does not recommend the taking of notes by jurors generally.  Where there is evidence which deals with figures and mathematical calculations, note taking may be useful to you.  If notes are taken by you, they should be taken simply as an aid to memory and for your assistance in that regard and not as authoritative records to show to other jurors.

Source: APJI 1.15

References:

*Reece v. Simpson*, 437 So. 2d 68 (1983 Ala.)

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                                      )
as an individual and derivatively upon behalf            )
of I-65 Properties, Inc.                                 )
                                                         )
          Plaintiff,                                     )
                                                         )
vs.                                                      )   CIVIL ACTION NO:  2:06cv766
                                                         )
Richard M. Dorsey, as an individual,                     )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**RECESS INSTRUCTIONS**

        You are cautioned not to discuss this case among yourselves or with
anyone else (nor to permit anyone to talk to you about the case) until it is
finally submitted to you for your deliberations.

        Source: APJI 1.18

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                          )
as an individual and derivatively upon behalf )
of I-65 Properties, Inc.                      )
                                             )
        Plaintiff,                           )
                                             )
vs.                                          )  CIVIL ACTION NO:  2:06cv766
                                             )
Richard M. Dorsey, as an individual,         )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. ____**

**INTRODUCTION BEFORE GIVING
REQUESTED WRITTEN CHARGES**

        Ladies and Gentlemen of the jury, in addition to what the Court has already said in the oral charge, I am now going to read the following requested charge(s).  These are correct statements of the law and are to be considered by you in connection with what has already been said to you by the Court.

        Source: APJI 1.20

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                              )
as an individual and derivatively upon behalf    )
of I-65 Properties, Inc.                          )
                                                 )
          Plaintiff,                             )
                                                 )
vs.                                              )   CIVIL ACTION NO:  2:06cv766
                                                 )
Richard M. Dorsey, as an individual,            )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**JURORS MUST NOT REFER TO OUTSIDE MATERIALS**

There may be some words or phrases or terms used in the trial of the case that need to be defined. The Court will give to you the proper definition of these words or terms. The legal definition may be different from that which you customarily give them. If this should happen, you must accept the Court's definition. In no event should you seek any definition of any word or phrase by consulting any book, dictionary, encyclopedia, the Internet, or any other source. It would be highly improper for you to do so.

Source: APJI 1.22

References:

*Nowogorski v. Ford Motor Co.*, 579 So. 2d 586 (Ala. 1990)

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Donna Dorsey Davis,<br>as an individual and derivatively upon behalf<br>of I-65 Properties, Inc.<br><br>     Plaintiff,<br><br>vs.<br><br>Richard M. Dorsey, as an individual, | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO:  2:06cv766<br>)<br>) |

## PLAINTIFF'S PROPOSED JURY CHARGE NO. _____

### Election of Foreperson
### Explanation of Verdict Forms

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in Court.

A form of verdict has been prepared for your convenience.

(explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or questions and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

11th Circuit Pattern Jury Instruction, Basic Instructions 8.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                                )
as an individual and derivatively upon behalf      )
of I-65 Properties, Inc.                            )
                                                   )
        Plaintiff,                                 )
                                                   )
vs.                                                )   CIVIL ACTION NO:  2:06cv766
                                                   )
Richard M. Dorsey, as an individual,               )

## PLAINTIFF'S PROPOSED JURY CHARGE NO. _____

### Impeachment of Witnesses
### Inconsistent Statement

        You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during trial.

        You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

        11th Circuit Pattern Jury Instruction, Basic Instructions 4.1.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                              )
as an individual and derivatively upon behalf    )
of I-65 Properties, Inc.                          )
                                                 )
      Plaintiff,                            )
                                                 )
vs.                                              )  CIVIL ACTION NO:  2:06cv766
                                                 )
Richard M. Dorsey, as an individual,             )

## PLAINTIFF'S PROPOSED JURY CHARGE NO. ____

### Corporation as Alter Ego of Stockholder

In this case, the Plaintiff claims that I-65 Properties, Inc. was a mere instrument or tool – what the law calls the alter ego – of the Defendant Richard M. Dorsey, so that the separate status of I-65 Properties, Inc. should be disregarded and Richard M. Dorsey should be held legally responsible for the acts of the Corporation.

Under our free enterprise economic system, the law permits, even encourages, the formation of corporations as a means of attracting investments by stockholders who can invest their money in corporate enterprise without risking individual liability for corporate acts and transactions.  In return, society gets the benefit of the jobs and other commercial activity generated by the business of the corporation.

In most cases, therefore, the status of a corporation as a separate legal entity apart from its owners or stockholders must be respected and preserved. This rule is not absolute, however, and the separate status of a corporation can be disregarded where a stockholder uses a corporation as a mere instrumentality or tool for the purpose of evading or violating a statutory or other legal duty, or for accomplishing some fraud or illegal purpose.

In deciding whether I-65 Properties, Inc. should be treated in this case as the alter ego of Richard M. Dorsey, you should consider:

      (1)        The purpose for which the Corporation was formed or acquired by the stockholder;

(2)     Whether corporate books and records were kept, regular meetings of the directors were conducted, and other corporate legal formalities were observed;

(3)     Whether the funds of the corporation were intermingled or not intermingled with the funds of the stockholder;

(4)     The activity or inactivity of others as officers or directors in the business affairs of the corporation;

(5)     And other factors disclosed by the evidence and tending to show that the corporation was or was not operated as an entity separate and apart from its owner.


Annotations and Comments:  To prove that a defendant shareholder is the alter ego of a corporation, it must be shown that the shareholder disregarded the corporate entity and made it a mere instrumentality for the conducting of his own affairs, and that such control was used to commit fraud or perpetuate the violation of a statutory or other legal duty.  See *United Steelworker of America, AFL-CIO-CLC v. Connors Steel Co.,*  855 F.2d 1499, 1506-1507 (11th Cir. 1988); *Ex parte Thorn*, 788 So. 2d 140 (Ala. 2000).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                            )
as an individual and derivatively upon behalf  )
of I-65 Properties, Inc.                        )
                                                )
        Plaintiff,                              )
                                                )
vs.                                             )  CIVIL ACTION NO:  2:06cv766
                                                )
Richard M. Dorsey, as an individual,            )

## PLAINTIFF'S PROPOSED JURY CHARGE NO. ____

### Breach of Fiduciary Duty or Abuse of Fiduciary Relationship

Donna Dorsey Davis claims that Richard M. Dorsey violated what is called a "fiduciary" duty or obligation that the Defendant allegedly owed to Donna Dorsey Davis and/or I-65 Properties, Inc.

I instruct you that, as a matter of law, Richard M. Dorsey stands in a fiduciary relation to the Plaintiff.  If you determine from the evidence that the conduct of the Defendant was a breach of this relationship between the parties, you should award as damages the value of whatever you may find him to have gained as a result of this wrong.

If you should further find that the Defendant's conduct was in total disregard to the Plaintiff's interest, then you may consider in addition an award of punitive damages.

In order to recover on this claim, Donna Dorsey Davis must prove each of the following facts by a preponderance of the evidence:

(1)    That a "fiduciary" relationship existed between the parties;

(2)    That Richard M. Dorsey violated that fiduciary obligation to I-65 Properties, Inc., and Donna Dorsey Davis by purchasing surrounding lands on behalf of CD &O, LLC (another of Defendant's Companies) when I-65 Properties, Inc. held the option to purchase such lands. Furthermore, Richard M. Dorsey violated that fiduciary obligation to I-65 Properties, Inc., and Donna Dorsey Davis by allowing TD&O, LLC (another of Defendant's Companies) to sublease billboard space on the property of I-65 Properties, Inc.,

at a substantial markup to the income I-65 Properties, Inc. was receiving; and

(3)     That Donna Dorsey Davis and I-65 Properties, Inc. suffered damages as a proximate result of that violation of the fiduciary obligation.

Citation:  See Generally- *Fisher v. Comer Plantation, Inc.*, 772 So. 2d 455, 465-466 (Ala.  2000); *Third Generation Inc. v. Wilson*, 668 So. 2d 518 521(Ala. 1995); *Coupounas v. Morad*, 380 So. 2d 800 (Ala. 1980).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Donna Dorsey Davis, | ) | |
| as an individual and derivatively upon behalf | ) | |
| of I-65 Properties, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: 2:06cv766 |
| | ) | |
| Richard M. Dorsey, as an individual, | ) | |

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**


**DAMAGES - INTRODUCTION**

Ladies and Gentlemen of the jury, the Court will now instruct you on the law of damages. The burden is on the plaintiff to reasonably satisfy you, from the evidence, of the truthfulness of his claim. If after a consideration of all the evidence in this case, you are not reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the defendant. In this event, you would go no further. This would end your deliberations. On the other hand, if, after a consideration of all the evidence in the case, you are reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the plaintiff. In this event, it will be necessary for you to arrive at an amount to be awarded in the verdict form which I will read to you and describe later in my charge. I now give you the following rules of law to assist you in your deliberations in arriving at an amount in the event you find for the plaintiff. Plaintiff in this case claims compensatory damages.

Source: APJI 11.00

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                              )
as an individual and derivatively upon behalf    )
of I-65 Properties, Inc.                          )
                                                 )
        Plaintiff,                               )
                                                 )
vs.                                              )    CIVIL ACTION NO:  2:06cv766
                                                 )
Richard M. Dorsey, as an individual,             )


**PLAINTIFF'S PROPOSED JURY CHARGE NO. ＿＿＿**

**DAMAGES - GENERAL**

Compensatory or actual damages are allowed and should be awarded where the plaintiff reasonably satisfies the jury from the evidence that plaintiff has been injured or damaged as a result of an act of negligence on the part of the defendant.

Punitive or exemplary damages are allowed to the plaintiff and may be awarded in the sound discretion of the jury only in cases where the plaintiff prove, by clear and convincing evidence, that defendant consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to the plaintiff.

Source: APJI 11.01 (citing Industrial Chemical & Fiberglass Corp. v. Chandler, 547 So. 2d 812 (Ala. 1988)).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                          )
as an individual and derivatively upon behalf )
of I-65 Properties, Inc.                      )
                                             )
         Plaintiff,                          )
                                             )
vs.                                          )   CIVIL ACTION NO:  2:06cv766
                                             )
Richard M. Dorsey, as an individual,         )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. ____**

**DAMAGES**

**COMPENSATORY**

The purpose of awarding compensatory damages is to fairly and
reasonably compensate the injured party for the loss or injury sustained.
Compensatory damages are intended as money compensation to the party
wronged, to compensate him for his injury and other damages which have
been inflicted upon him as a proximate result of the wrong complained of.

Source: APJI 11.02 (citing <u>Matheny v. Peterson</u>, 163 So. 2d 635
(Ala. 1964)).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                          )
as an individual and derivatively upon behalf )
of I-65 Properties, Inc.                     )
                                             )
     Plaintiff,                          )
                                             )
vs.                                          ) CIVIL ACTION NO:  2:06cv766
                                             )
Richard M. Dorsey, as an individual,         )

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

**DAMAGES**

**PUNITIVE**

     The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future.  The imposition of punitive damages is entirely discretionary with the jury.  Should you aware punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

     For a plaintiff to be entitled to recover punitive damages you must first award compensatory damages or nominal damages.  Further, the plaintiff must prove by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

     Clear and convincing evidence is evidence that, when weighed against evidence in opposition, will produce in the minds of the jury a firm conviction and a high probability as to the correctness of their conclusion.  Proof by clear and convincing evidence requires a level of proof greater

than a preponderance of the evidence or a substantial weight of the evidence, but less than beyond a reasonable doubt.

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

Fraud means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:

1.    With an intent to injure the person or property of another person or entity, or

2.    Under such circumstances that the law will imply an evil intent.

Source: APJI 11.03

References:

*LeFevre v. Westberry*, 590 So. 2d 154, 163 (Ala. 1991

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Donna Dorsey Davis, | ) |
| as an individual and derivatively upon behalf | ) |
| of I-65 Properties, Inc. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO:  2:06cv766 |
| | ) |
| Richard M. Dorsey, as an individual, | ) |

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**

A minority shareholder has a right to fairness by a majority shareholder.  A majority shareholder's duty to act fairly to the minority shareholder prohibits the majority shareholder from depriving the minority shareholder of minority shareholder's pro rata share of the corporate gains or earnings even though the majority shareholder controls the corporation.

Certain basic expectations of shareholders are enforceable in the courts and among those is a right to share proportionately in the corporation's gains or earnings.  If a majority shareholder acts to deprive the minority shareholder of his pro rata, fair share of the corporations' earnings, he has breached his fiduciary duty owed to the minority shareholder and is liable to him for all damages caused thereby.

If you find from the evidence that the majority shareholder in this case, Richard M. Dorsey, deprived Donna Dorsey Davis, the minority shareholder, of her fair or pro rata share of the corporate gains and earnings of I-65 Properties, Inc., you must find for the plaintiff, Donna Dorsey Davis, and assess damages caused thereby.

*Michand v. Morris, 603 So.2d 886, 888 (Ala. 1992).*
*Galbreath v. Scott*, 433 So. 2d 454 (Ala. 1983).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Donna Dorsey Davis,<br>as an individual and derivatively upon behalf<br>of I-65 Properties, Inc.<br><br>     Plaintiff,<br><br>vs.<br><br>Richard M. Dorsey, as an individual, | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO:  2:06cv766<br>)<br>) |

**PLAINTIFF'S PROPOSED JURY CHARGE NO. \_\_\_\_**

     If you find that Richard M. Dorsey as majority controlling shareholder of I-65 Properties, Inc., breached his fiduciary duties owed to Donna Dorsey Davis as minority shareholder of I-65 Properties, Inc., then you must determine whether or not CD & O, LLC., and TD & O, LLC conspired with Richard M. Dorsey to effect the breaches of fiduciary duty owed to Donna Dorsey Davis.   If you determine that there was an agreement of mutual understanding between CD&O, LLC, TD&O, LLC and Richard M. Dorsey to breach the fiduciary duties owed by Richard M. Dorsey to Donna Dorsey Davis, you must find in favor of Donna Dorsey Davis and assess damages caused thereby.

*See Shook v. St. Bede School*, 74 F. Supp. 1172 (M.D.Ala. 1999) (quoting *Barber v. Stephenson,* 260 Ala. 151, 69 So.2d 251 (1953)); *Coleman v. Cannon Oil Co.*, 849 F. Supp. 1458 (M.D. Ala. 1993)

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Donna Dorsey Davis,<br>as an individual and derivatively upon behalf<br>of I-65 Properties, Inc.<br><br>     Plaintiff,<br><br>vs.<br><br>Richard M. Dorsey, as an individual, | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO:  2:06cv766<br>)<br>) |

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**


In addition to the fiduciary duty owed to minority shareholders, majority shareholders who control a corporation, have duties to the corporation and all shareholders.   They are required to act with fidelity and in good faith solely for the interests of the corporation and all its shareholders, and not for their selfish means.  If you find from the evidence that Richard M. Dorsey, acting as director or officer of I-65 Properties, Inc., failed to subordinate or place his personal interests below the interest of the corporation or all shareholders but instead acted for his own personal interests and not those of I-65 Properties, Inc. and its shareholders, you must find in favor of plaintiff, Donna Dorsey Davis.

*Hardy v. Hardy on behalf of Mortgage Investments, Inc.*, 507 So.2d 404 (Ala. 1986).
*Belcher v. BTNB*, 348 Supp. 61, 82 (N.D. Ala. 1968).
*Jones v. Ellis*, 551 So.2d 396 (Ala. 1989).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                          )
as an individual and derivatively upon behalf )
of I-65 Properties, Inc.                       )
                                             )
        Plaintiff,                           )
                                             )
vs.                                          )  CIVIL ACTION NO:  2:06cv766
                                             )
Richard M. Dorsey, as an individual,         )


## PLAINTIFF'S PROPOSED JURY CHARGE NO. _____


        Majority shareholders and directors owe a duty to manage the
corporate affairs honestly and impartially upon behalf of the corporation
and all it shareholders.  A majority shareholder or director cannot act as
such in a transaction which will benefit his own personal financial benefit to
the detriment of the corporation and all of its shareholders.  If they do so,
they have violated their fiduciary duty and are liable.  If you find that
Richard M. Dorsey acted in transactions that benefited himself financially
to the detriment of the corporation and its shareholders, then you must find
for the plaintiff, Donna Dorsey Davis.

*Banks v. Bryant*, 497 So. 2d 460 (Ala. 1986).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Donna Dorsey Davis,<br>as an individual and derivatively upon behalf<br>of I-65 Properties, Inc.<br><br>      Plaintiff,<br><br>vs.<br><br>Richard M. Dorsey, as an individual, | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO:  2:06cv766<br>)<br>) |

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**


      Majority shareholders, directors and officers of a corporation may not usurp or divert to their own favor business assets or corporate opportunities which properly belong to the corporation that they represent. Where such directors or officer or majority shareholders usurp or divert such corporate opportunities for their own benefit while acting on behalf of the corporation, such majority shareholders, directors and officers as trustees of the corporation have breached their fiduciary duty and are accountable to the company and its shareholders for the profits that they make from the transaction.

      If you find that Defendant Richard M. Dorsey acting as a director or officer misappropriated and diverted a corporation opportunity, assets or business of I-65 Properties, Inc. for his personal benefit while acting on behalf of I-65 Properties, Inc., you must find that Richard M. Dorsey acted as a representative of the corporation and is liable to I-65 Properties, Inc. for the profits that Richard M. Dorsey made out of such transaction.

*Banks v. Bryant*, 497 So. 2d 460 (Ala. 1986).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

Donna Dorsey Davis,                                     )
as an individual and derivatively upon behalf           )
of I-65 Properties, Inc.                                )
                                                        )
      Plaintiff,                                )
                                                        )
vs.                                                     )  CIVIL ACTION NO:  2:06cv766
                                                        )
Richard M. Dorsey, as an individual,                    )


**PLAINTIFF'S PROPOSED JURY CHARGE NO. \_\_\_\_**

      Directors, officers, and majority shareholders are agents of the corporation.  They serve and are subject to rules that apply generally to persons standing in fiduciary relations.  Such rules forbid directors, officers, and majority shareholders to secure an advantage for themselves personally which rightfully belong to the corporation whose interest they have a duty to represent.

      If you find in this case that Richard M. Dorsey as director, officer, or majority shareholder, secured a personal advantage for himself which belonged to I-65 Properties, Inc., you must find that Richard M. Dorsey acted as an agent on I-65 Properties, Inc. and is liable to I-65 Properties, Inc. for the profits that he made out of such transaction.

*Morad v. Coupounas*, 361 So. 2d 6 (Ala. 1978).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Donna Dorsey Davis,<br>as an individual and derivatively upon behalf<br>of I-65 Properties, Inc.<br><br>     Plaintiff,<br><br>vs.<br><br>Richard M. Dorsey, as an individual, | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO:  2:06cv766<br>)<br>) |

**PLAINTIFF'S PROPOSED JURY CHARGE NO. _____**


      If there is presented to a corporate officer or director a business opportunity which the corporation is financially able to undertake, is, from its nature, in the line of the corporation's business and is of practical advantage to it, is one in which the corporation has an interest or a reasonable expectancy, and, by embracing the opportunity, the self-interest of the officer or director will be brought into conflict with that of his corporation, the law will not permit him to seize the opportunity for himself.

      Likewise, a majority shareholder may not appropriate for himself a business opportunity belonging to the corporation to the detriment of the minority shareholders or the corporation.

      If you find from the evidence that Richard M. Dorsey, as a majority shareholder of I-65 Properties, Inc. appropriated for himself a business opportunity belonging to the corporation, then you must find in favor of Donna Dorsey Davis, who brought the claim upon behalf of I-65 Properties, Inc., and assess damages caused thereby.

See Morad v. Coupounas, 361 So. 2d 6, 8-9 (Ala. 1978) (quoting *Guth v. Loft, Inc.*, 5 A.2d 503 (Del. 1939)). *Burt v. Burt Boiler Works, Inc.*, 360 So. 2d 327, 332 (Ala. 1978).