IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA DORSEY DAVIS, | ) | |
| as an individual and derivatively upon behalf of | ) | |
| I-65 Properties, Inc., | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:06cv766-MHT |
| | ) | |
| RICHARD M. DORSEY, | ) | |
| as an individual, I-65 Properties, Inc., a | ) | |
| Alabama corporation, | ) | |
| | ) | |
|        Defendant. | ) | |
| | ) | |

## MOTION IN LIMINE

Comes now the Plaintiff, Donna Dorsey Davis, prior to the commencement of the trial of this case, and respectfully moves that counsel for defendants, and through such counsel any and all defendant's witnesses, be instructed by the Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth without first approaching the Bench and obtaining a ruling from the Court outside the presence and outside the hearing of all jurors, in regard to any alleged theory of admissibility of such matters. In this connection plaintiff shows unto the Court that the matters set out would be inadmissible for any purpose on proper and timely objection in that they have no bearing on the issues in this case or the rights of the parties to this suit. Permitting interrogation of witnesses, comments to jurors, or prospective jurors, or offers of evidence concerning these matters would prejudice the jury, and sustaining objections to such questions,

comments or offers would not cure such prejudice, but rather reinforce the impact of such prejudicial matters on the jurors. Furthermore, the injection of such matters in the trial of this cause would result in irreparable prejudice and harm to the plaintiff's case, which no instruction by the Court to the jury would cure.

The following matters would be inadmissible for any purpose in this cause:

A.     Any and all testimony relating to the corporation, I-65 Properties, Inc., or the Plaintiff, Donna Dorsey Davis', inability to finance or provide the necessary funds regarding the exercise of certain options to purchase adjacent or nearby properties.

The basis for Plaintiff's request for such instruction is enumerated by this Honorable Court at pages 28 and 29 of this Court's order issued July 6, 2007. Specifically, the Court cited the *Banks* case quoting 19 C. J. S. Corporations, supra, §785, states that the corporate opportunity applies "'even though [the] company is unable to finance the transaction.'" *Banks v. Bryant* 497 So. 2d at 463 (Ala. 1986).

WHEREFORE, Plaintiff prays this Honorable Court will grant this Motion in Limine and exclude any evidence in regards to the Corporation's or Plaintiff's financial inability to pursue certain corporate opportunities.

Respectfully submitted,


//s// Lindsay B. Erwin
Lindsay B. Erwin, Esq.
ASB-5299-Y59E
Attorney for Plaintiff


Meacham, Earley & Fowler, P.C.
5704 Veterans Parkway

Columbus, GA 31904
(706) 576-4064

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using electronic filing system which will send information of such filing to the following:

Clifford W. Cleveland
Cleveland & Colley, P.C.
P.O. Box 680689
Prattville, AL 36068

James E. Roberts, Esquire
4908 Cahaba River Road, Ste 204
Birmingham, AL 35243

//s// Lindsay B. Erwin
OF COUNSEL