IN THE DISTRICT COURT
OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA DORSEY DAVIS, | * | |
| as an individual and derivatively upon | * | |
| behalf of I-65 PROPERTIES, INC., | * | |
| | * | |
| PLAINTIFF, | * | Civil Action No. |
| | * | 2:06cv766-MHT |
| VS. | * | |
| | * | |
| RICHARD M. DORSEY, | * | |
| as an individual and CD&O, LLC | * | |
| as a necessary party, | * | |
| | * | |
| DEFENDANTS. | * | |

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS**

COMES NOW Richard M. Dorsey, pursuant to Rule 51, Federal Rules of Civil Procedure and hereby requests this Honorable Court to charge the jury based upon the following applicable principals of law.

REQUEST NUMBER ONE

BREACH OF FIDUCIARY DUTY

The Plaintiff I-65 Inc.'s claim is that Richard M. Dorsey violated what is called a "fiduciary" duty or obligation that Dorsey allegedly owed to I-65, Inc.

A "fiduciary" obligation exists whenever one person--the client--places special trust and confidence in another person--the fiduciary--relying upon the fiduciary to exercise discretion or expertise in acting for the client; and the fiduciary knowingly accepts that trust and confidence and thereafter undertakes to act on behalf of the client by exercising the fiduciary's own discretion and expertise.

Of course, the mere fact that a business relationship arises between two persons does not mean that either owes a fiduciary obligation to the other. If one person engages or employs another and thereafter directs or supervises or approves the other's actions, the person so employed is not a fiduciary. Rather, as previously stated, it is only when one party places, and the other accepts, a special trust and confidence--usually involving the exercise of professional expertise and discretion --that a fiduciary relationship comes into being.

When one person does undertake to act for another in a fiduciary relationship, the law forbids the fiduciary from acting in any manner adverse or contrary to the interests of the client, or from acting for the fiduciary's own benefit in relation to the subject matter of their relationship. The fiduciary thus has a responsibility to disclose any conflicts between the fiduciary's interests and the principal's interests which might make the fiduciary act in the fiduciary's own best interest at the expense or the detriment of his principal. The client is entitled to the best efforts of the fiduciary on the client's behalf, and the fiduciary must exercise skill, care and diligence when acting on behalf of the client.

Within the scope of action acknowledged or agreed to by the fiduciary, then, the fiduciary is required to make truthful and complete disclosures to those to whom a fiduciary obligation is owed, and the fiduciary is forbidden to obtain an unreasonable advantage at the client's expense.

In order to recover on this claim the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That a "fiduciary" relationship existed between the parties (as that term has been defined in these instructions);

Second: That the Defendant violated that fiduciary obligation by buying adjoining property and leasing billboards; and

Third: That the Plaintiff suffered damages as a proximate result of that violation of the fiduciary obligation.

For damage to be the proximate result of an act or course of dealing, it must be shown that such act or course of dealing played a substantial part in causing or bringing about the damage, and that, except for such conduct, the damage would not have occurred.

If you find for I-65, Inc. on any of its claims, you will then consider the issue of the amount of money damages to be awarded to I-65, Inc.

In considering the issue of the Plaintiff's damage, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more or no less. Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. PATTERN CIV. JURY INSTRUCTIONS, 11TH CIR. SC 3.3 (2005).

                                                            GIVEN    _____

                                                            REFUSED  _____

IN THE DISTRICT COURT
OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA DORSEY DAVIS, <br> as an individual and derivatively upon <br> behalf of I-65 PROPERTIES, INC., <br><br> PLAINTIFF, <br><br> VS. <br><br> RICHARD M. DORSEY, <br> as an individual and CD&O, LLC <br> as a necessary party, <br><br> DEFENDANTS. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Action No. <br> 2:06cv766-MHT |

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

### REQUEST NUMBER TWO

Those who embark in a corporate enterprise as stockholders do so under an implied agreement that the business shall be controlled and directed by a majority of the shareholders. BROOKS V. HILL, 717 SO. 2D 759 (ALA. 1998).

                                                 GIVEN    _____

                                                 REFUSED  _____

IN THE DISTRICT COURT
OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA DORSEY DAVIS, | * | |
| as an individual and derivatively upon | * | |
| behalf of I-65 PROPERTIES, INC., | * | |
| | * | |
| PLAINTIFF, | * | Civil Action No. |
| | * | 2:06cv766-MHT |
| VS. | * | |
| | * | |
| RICHARD M. DORSEY, | * | |
| as an individual and CD&O, LLC | * | |
| as a necessary party, | * | |
| | * | |
| DEFENDANTS. | * | |

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

### REQUEST NUMBER THREE

When acting in good faith, a director or officer is not precluded from engaging in distinct enterprises of the same general class of business as the corporation is engaged in; but he may not wrongfully use the corporation's resources therein, nor may he enter into an oppositions business of such a nature as to cripple or injure the corporation. BANKS V. BRYANT, 497 SO. 2D 460, 465 (ALA. 1986).

GIVEN   _____

REFUSED   _____

IN THE DISTRICT COURT
OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DONNA DORSEY DAVIS, <br> as an individual and derivatively upon <br> behalf of I-65 PROPERTIES, INC., <br><br> PLAINTIFF, <br><br> VS. <br><br> RICHARD M. DORSEY, <br> as an individual and CD&O, LLC <br> as a necessary party, <br><br> DEFENDANTS. | Civil Action No. <br> 2:06cv766-MHT |

## **DEFENDANT'S REQUESTED JURY INSTRUCTIONS**

### REQUEST NUMBER FOUR

If in the course of management, directors arrive at a decision, within the corporation's powers…, for which there is a reasonable basis, and they act in good faith, as the result of their independent discretion and judgment, and uninfluenced by any consideration other than what they honestly believe to be the best interest of the corporation, a court will not interfere with internal management and substitute its judgment for that of the directors to enjoin or set aside the transaction of to surcharge the directors for any resulting loss. MICHAUD V. MORRIS, 603 SO. 2D 886 (ALA. 1992).

GIVEN    _____

REFUSED  _____

RESPECTFULLY SUBMITTED,

By:   //s// Clifford W. Cleveland
Attorney Code: CLE007

*OF COUNSEL:*

*The Law Office of*
*Cleveland & Colley, P. C.*
*Post Office Box 680689*
*Prattville, Alabama  36068*
*(334) 365-1500*

### CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using electronic filing system which will send notification of such filing to the following:

Lindsay B. Erwin, Esquire
3516 Vann Road, Suite 114
Birmingham, Alabama  35235

James E. Roberts, Esquire
4908 Cahaba River Road
Birmingham, Alabama 35243

/s/ Clifford W. Cleveland
OF COUNSEL